THORPE *v.* PHILBIN.[1]

(*Common Pleas of New York City and County, General Term.* February 4, 1889.)

1. LANDLORD AND TENANT—HOLDING OVER—NOTICE OF INCREASED RENT.

Where the landlord notifies the tenant, before the expiration of the lease, that the premises will not be relet for less than a year, and that the rent will be increased to an amount named in the notice, and the tenant remains in possession after expiration of his term, without any reply to the notice, there is an implied contract to pay the increased rent for the year.

2. EVIDENCE—SECONDARY—COPY OF TELEGRAM—NON-PRODUCTION OF ORIGINAL.

In an action for such increased rent, the copy of a telegram received by the tenant, which was admitted to have been received a few days after he had written, requesting the information conveyed by the telegram, and the terms of which were reiterated a few days later in a letter from the landlord to the tenant, was properly admitted in evidence, without requiring the original to be produced.

3. SAME—ACTS AND DECLARATIONS—RES GESTÆ.

Conversations and acts of the parties or their agents, indicating the intention, which occurred after the commencement of the holding over, were properly excluded on the trial, as the law made the agreement for them, and it could not be varied, except by a new contract based on the proper consideration.

4. SET-OFF AND COUNTER-CLAIM—SEPARATE TRANSACTIONS—INJURY TO TENANT.

A claim for damages to the tenant's credit and business, caused by putting a sign "To Let" on the premises during his occupancy, cannot be set up as a counter-claim to the action for rent, as it does not arise out of the contract or transaction sued on, nor is it connected with the subject of the action, nor is it a cause of action on contract.[2]

Appeal from city court, general term.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*R. D. Harris,* for appellant.  *Morrison & Kennedy,* for respondent.

ALLEN, J.  This is an appeal from a judgment of the general term of the city court affirming the judgment of a trial term entered upon the verdict of a jury.  2 N. Y. Supp. 732.  The action was for rent.  The complaint alleged that the defendant, by an agreement in writing, hired the premises No. 1 East Seventeenth street, in the city of New York, from May 1, 1886, for one year, at an annual rental of $1,800; and that thereafter, and on April 28, 1887, the landlord duly notified the defendant that if he continued in possession of said premises after the expiration of the term, to-wit, the 1st day of May, the rent would be $2,400 per annum; and that the defendant continued in possession; and demanded judgment for $600, three months' rent, and interest.  The answer admits the leasing of the premises from May 1, 1886, to May 1, 1887, and denies the notice of increased rent, and sets up a counter-claim.

It is the established rule in this state that when a tenant holds over after the expiration of his term the law will imply an agreement to hold for a year upon the terms of the prior lease.  This rule is too well settled to require the citation of authorities.  In *Despard* v. *Walbridge,* 15 N. Y. 374, it was held that when the owner of property notifies the tenant before the expiration of his term that the rent will be increased to an amount named in the notice, and the tenant continues in occupation after the expiration of his term with-

---

[1] Affirming 2 N. Y. Supp. 732.

[2] Concerning what may be pleaded as a set-off or counter-claim, see Birch v. Hall, 3 N. Y. Supp. 747; Heigel v. Willis, Id. 497, and note; Sherman v. Hale, (Iowa,) 41 N. W. Rep. 48, and note; Latimer v. Sullivan, (S. C.) 8 S. E. Rep. 639.

out any reply to the notice, there is in law a virtual assent to the terms pre-scribed in the notice, and an implied contract is entered into to pay the increased rent. The notice which the plaintiff claims was given to the defendant that the rent of the premises would be increased is contained in the telegram received by Mr. Harris, the defendant's agent. The defendant contends that the court erred in admitting evidence as to this telegram and its contents, relying upon the case of *Steam-Ship Co.* v. *Otis,* 100 N. Y. 453, 3 N. E. Rep. 485, where it is said that while the transcript of a telegram delivered to the person addressed is, for some purposes as between him and the sender, deemed the original. it can never be so without some proof that the dispatch was sent, or authorized to be sent, by the alleged sender. As it is admitted that the telegram was received a short time after the defendant had written requesting the information which was conveyed by the telegram, and the terms of the telegram were in a few days afterwards reiterated in a letter from the plaintiff to the defendant, we are of the opinion that a *prima facie* case was made of the genuineness of the dispatch which justified its receipt in evidence. If the telegram was properly admitted in evidence, as we think it was, then the continuance of the defendant in possession of the premises after the 1st day of May, 1887, without any reply to the notice, brings the case within the principle of *Despard* v. *Walbridge,* above quoted.

The defendant sought to introduce in evidence conversations and acts of the parties and their agents which occurred subsequent to the 1st day of May, 1887; insisting that such evidence was material as indicating the intention of the parties, and excepted to the refusal of the court to admit such evidence. We think the court committed no error in this part of the case. The contract which was created by the acts of the parties was not one which required mutuality. It was an agreement which the law made for them. "The law sometimes steps in and makes agreements for parties which they do not mutually intend." *Schuyler* v. *Smith,* 51 N. Y. 309. The obligations of the parties were fixed upon the 1st day of May, after the expiration of the first lease; and it was not in the power of either of them to throw off their duties under that contract, however onerous they might be. While it is true that they might have come together, and by mutual consent have made a new contract based upon proper consideration, there is no claim that any such agreement was made. Therefore the testimony offered by the defendant as to the conversations and acts of the parties or their agents, after the contract was complete, was properly excluded by the trial judge.

The answer sets up as a counter-claim that a sign of "To Let" was put upon the premises on the 3d of May, and allowed to remain until the 30th of September, to the great damage to the credit and business of the defendant in the sum of $5,000. The court excluded evidence on behalf of the defendant as to the matter pleaded in the answer as a counter-claim, and properly held that this matter was not the subject of a counter-claim in this action. It is only necessary to say that, assuming the defendant has a cause of action by reason of the plaintiff's act in affixing the sign to the premises, it does not arise out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, nor is it connected with the subject of the action, nor is it a cause of action on contract. The judgment of the city court should be affirmed, with costs. All concur.