McAdam, J.
The action is by the plaintiff as landlord to recover from the defendant, as tenant, one quarter’s rent of the store and basement No. 122' Liberty street, under a demise thereof alleged to have been made to the defendant for the term of one year from May 1, 1892, at the rental of $4000, payable quarterly. '
*786 The proof that the parties made the agreement alleged is furnished by the following facts: The tenant’s term under a prior lease expired on May 1, 1892, and. it thereafter held over and continued in possession of the premises, after notice by the landlord that if it remained in possession after May 1, 1892, the rent would be $1000 per annum. The lease which expired in 1892 was made by one Gill as landlord, was for three years and four months from January 1, 1889, at the yearly rent of $1800 payable quarterly, and was assigned by Gill to the plaintiff February 17, 1892, on which day the latter became the owner of the property. The lease from Gill was from January 1, 1889, and according to the presumed intention of the parties expired May 1, 1892, and that day falling on a Sunday the tenant had until twelve o’clock noon on the following day to move from the premises.
The tenant commenced to move on May 2, and continued moving on May 8, when it delivered the key to the plaintiff, who said he would hold the defendant for the rent. There was no acceptance of surrender by the landlord. The defendant left upon the premises a number of fixtures and articles valued at tibont $100, which it said it would abandon to the landlord, but ■which the latter declined to take.
The tenant undertook to show permission from one Cox to remain over after May 2 ; but there is no proof of authority on the part of Cox to bind the plaintiff to any such agreement.
At the conclusion of the case both parties asked for the direction of a verdict. The trial judge directed the jury to find for the defendant, and from the judgment entered on such direction and the order denying motion for a new trial the appeal is taken.
That the acts of the defendant amounted to a wrongful holding over is clear. It was its duty as tenant to quit and make full surrender of the premises to the landlord on May 2 ; not having done so, it became the right of the plaintiff to treat it either as a trespasser or as tenant for another year, and he elected the latter course. Haynes v. Aldrich, 133 N. Y. 287; 45 St. Rep. 243; Schuyler v. Smith, 51 N. Y., 309 ; Shanahan v. Shanahan, 55 Sup’r Ct. 339 ; 14 St. Rep. 733 ; Adams v. City of Cohoes, 127 N. Y., 175, 182; 38 St. Rep. 678 ; Frank v. N. Y., L. E. & W. R. R. Co., 122 N. Y. 197, 218; 33 St. Rep. 235.
The tenant holding over has no election in the matter. It is not for him to say whether he will occupy the relation of a wrongdoer or of a tenant; but the right of election belongs exclusively to the landlord, and his election binds the tenant, whatever the' tenant’s intention may have been, and although the landlord knew what his intentions were before the time expired. 1 Wood L. & T., 2nd ed., 33.
In Witt v. The Mayor, 28 Sup’r R., 261, the court said: “It is no valid excuse for the holding over to say that the defendants were engaged in removing their goods, and consumed no more time in such removal than was necessary for that purpose. Without enlarging upon the evils to which incoming tenants, as well as landlords, would be subjected by a rule of law that should permit such holding over, it is enough to say that no such rule ex *787 ists in this state : but, on the contrary, the statute provides, in effect, that, in case a tenant shall continue in possession a single hour after the expiration of his term, the landlord may eject him and his goods by a prompt and summary proceeding.”
In Haynes v. Aldrich, supra, the court said,: “The act of the defendant .in holding over has given the plaintiff a legal right to treat him as a tenant, and it is not in his power to throw off that character, however onerous it may be.” “The appellant does not deny the rule, but seeks to qualify it so as to mean that it is only where the tenant holds over voluntarily, and for his own convenience, that the landlord’s right arises, and that it does not so arise when the tenant holds over involuntarily, not for his own convenience, but because he cannpt help it. I am adverse to any such qualification. It would introduce an uncertainty into a rule whose chief value lies in its certainty. The consequent confusion would be very great. -Excuses would always be forthcoming, and their sufficiency be subject to the doubtful conclusions of a jury, and no lessor would ever know when he could safely promise possession to a new tenant.”
The result follows that the plaintiff was entitled to a verdict, and at the increased rent stated in the notice. Despard v. Walbridge, 15 N. Y. 374; Mack v. Burt, 5 Hun, 28.
The judgment and order must therefore be reversed and a new trial ordered, with costs to the appellant to abide the event.
Sedgwick, O. J., and Freedman, J., concur.