SCULLY v. ROCHE.

(Supreme Court, Appellate Term.  May 24, 1912.)

1. LANDLORD AND TENANT (§ 90*)—HOLDING OVER AFTER TERM—RIGHTS OF PARTIES.

Where a tenant holds over after the term without any new agreement, the law implies a continuance of the tenancy on the terms of the original agreement; but the landlord has the option to treat the tenant as a trespasser or as a tenant, while the tenant holds over at his peril.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 284–289; Dec. Dig. § 90.*]

2. LANDLORD AND TENANT (§ 200*)—HOLDING OVER AFTER TERM—RIGHTS OF PARTIES.

Where a tenant holding over has notice from the landlord that if he retains possession he must pay a higher rent, he must be deemed to assent to pay the increased rent, and cannot hold the premises after such notice and fix his own terms for rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 794–797; Dec. Dig. § 200.*]

3. LANDLORD AND TENANT (§ 90*)—HOLDING OVER AFTER TERM—RIGHTS OF PARTIES.

Where a tenant for 11 months was presented before the expiration of the term with a new lease for a year at an increased monthly rental, which he refused to execute, and was notified in writing that the rent would be at the increased rate after the term, and he elected to hold over and paid the increased rent for the first month, and the landlord treated him as a tenant and accepted the rent, their status was settled, and the tenant held over for an additional 11 months, and any subsequent propositions by the tenant as to the terms on which he would remain did not affect the rights of the parties, notwithstanding the silence of the landlord.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 284–289; Dec. Dig. § 90.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Thomas J. Scully against Margaret Roche.  From a judgment for defendant after trial by the court without a jury, plaintiff appeals.  Reversed, and new trial ordered.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Coffin & Goldmark, of New York City (Herbert Goldmark, of counsel), for appellant.

Abram Ellenbogen, of New York City, for respondent.

PAGE, J.  Plaintiff's assignor entered into a lease with the defendant, dated October 23, 1909, for certain premises therein described, for a period of 11 months from November 1, 1909, at a rental of $462, payable in installments of $42 monthly in advance.  In August or September, 1910 prior to the expiration of the lease, a new lease was prepared for one year at a rental of $540, payable $45 monthly.  This lease was not signed.  Defendant testifies that she told the agent that she would not sign the lease at that rental, then told by the agent she would hold over.  On the 1st of October, however, she paid the in-

creased rent. On the 1st of November she paid the increased rent, and the agent inquired about the lease, and she testifies she said,

"I told you distinctly I will never sign a lease here. In the first place, my eyes are in a bad condition, and my aunt is getting weak, and I don't know what time I will have to give the place up," and "after that I said I wouldn't sign, and under no considerations would I stay. He told me at the time it didn't satisfy him. Then I said to him, 'When I move I will always give you notice.'"

She further testified that she paid the $45 each month, and—

"nothing was referred to again. I thought my terms had suited him, because, if they didn't, it was his place to tell me then and there to get out."

She continued in possession until June 30th. In the early part of June she notified the landlord that she intended to move on June 30th, to which the landlord replied:

"Do you wish me to try and rent the apartment for you? * * * Your lease does not expire until October 1, 1911, and this time of the year is very poor for renting. If you desired moving before October 1st, I would be satisfied if you moved September 1st, but at present time it would be hard to rent."

Defendant, without replying to this letter, moved June 30th. The claim for rent was assigned to plaintiff, and this action brought to recover from the defendant rent for the months of July, August, and September, on the theory that the lease was renewed. The case, however, was tried upon the theory that the defendant was liable for the rent of July and August as a tenant holding over after the expiration of her term.

[1, 2] The court gave judgment for the defendant. This was erroneous. Where a tenant holds over after the expiration of a lease, without any other or new agreement with his landlord, the law implies a continuance of the tenancy on the same terms and subject to the same covenants as those contained in the original lease, and the option was with the landlord to treat him as a trespasser or as a tenant. The tenant has no such option and holds over at his peril. Schuyler v. Smith, 51 N. Y. 313, 10 Am. Rep. 609; Adams v. City of Cohoes, 127 N. Y. 175, 182, 28 N. E. 25; Herter v. Mullen, 159 N. Y. 28, 53 N. E. 700, 44 L. R. A. 703, 70 Am. St. Rep. 517; Haynes v. Aldrich, 133 N. Y. 287, 31 N. E. 94, 28 Am. St. Rep. 636; U. M. Realty Co. v. Realty Imp. Co., 193 N. Y. 570, 575, 86 N. E. 544. If, however, the tenant has notice from the landlord that if he retains possession he must pay a higher rent, he must be deemed to assent to pay such increased rent. He cannot hold the premises after such notice and fix his own terms for the rent. Mack v. Burt, 5 Hun, 28; Despard v. Walbridge, 15 N. Y. 374.

[3] In the case at bar, in addition to the new lease which was presented to the defendant, a written notice was delivered to her, notifying her that the rent was to be at the increased rate. On September 30th the tenant had the option to vacate the premises or hold over. She elected to hold over, and on October 1st paid the increased rent. On October 1st the landlord had the option to treat her as a trespasser and remove her from the premises, or as a tenant and accept

the rent. They both made their election. The tenant paid the increased rent and the landlord accepted it. Their status became settled and determined. Neither could alter the situation without the consent of the other and making a new agreement. Therefore the statement by the tenant as to the terms upon which she would remain on November 1st in no way altered the situation. The landlord was not required either to accept or reject the proposition; therefore his silence was not an implied assent. The appellant now concedes that the renewed term must be for 11 months, the same period as the old lease. The term, therefore, would expire on September 1st, and the plaintiff could not recover for more than the rent for the months of July and August, 1911.

The judgment will be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.