SAMUEL KLEINMAN, Landlord, *v.* "JOHN" FIELD,
Tenant.

(Municipal Court of the City of New York, Borough of Brooklyn,
Sixth District, June, 1919.*)

Summary proceedings — landlord and tenant — when tenant holding over excused — Code Civ. Pro. § 2231.

A dispossess proceeding under section 2231 of the Code of Civil Procedure for non-payment of rent, must necessarily be for rent due pursuant to agreement, expressed or implied.

* Received too late for insertion in proper place.—[REPR.,

Where the grantee of premises occupied under a monthly tenancy increased the rent and the tenant protested against a second proposed increase of rent, but remained in possession after the term only because he could find no apartment elsewhere, the petition in a summary proceeding for non-payment of the new rent under section 2231 of the Code of Civil Procedure will be dismissed with costs.

SUMMARY proceeding for non-payment of rent.

Samuel Kleinman, landlord in person.

Hart & Applebaum (Julius Appelbaum, of counsel), for tenant.

STRAHL, J.  The landlord on purchasing the premises increased the May rent to twenty-one dollars and fifty cents, and during May increased the June rent to twenty-three dollars and fifty cents.  The tenant protested against this second increase and sought a home elsewhere but could find none.

The landlord then instituted these summary proceedings for non-payment of the increased rent, alleging a monthly tenancy and " That said tenant was notified that the rent of said premises would be increased to twenty-three dollars and fifty cents per month to take effect from June 1, 1919."

Section 2231 of the Code of Civil Procedure, which governs here, provides that a monthly tenant may be removed where he holds over after the default in the payment of rent, *pursuant to the agreement under which the demised premises are held.*

This proceeding being for non-payment of rent must necessarily be for rent, pursuant to agreement, either expressed or implied.

The landlord does not claim nor does his petition allege that the tenant agreed to this increase.

Now, is there an implied agreement to pay the pro-

posed increase because the tenant remained in possession of the premises after June first and after notification of the increased rental?

Numerous decisions interpret the mere continuance of occupation, without objection, as an acceptance of and acquiescence in the landlord's proposition, but in those cases the holding over was a voluntary act of the tenant whereas here the tenant protested against the increase and remained in possession after the term only because he could find no apartment elsewhere. His holding over was unavoidable, could not have been provided against by him and did not grow out of any fault or wrongful act on his part but was due to the serious housing shortage prevalent in our city since this country entered the war, which condition is recognized by our government, city, state and national. Various government committees are endeavoring to relieve the situation which appears to be growing worse. These changing circumstances and new conditions, in my opinion, make it necessary to mould the law to meet the wants of the people at this time, otherwise this hold-over rule of law would be unreasonable and shocking to our sense of justice and every feeling of humanity.

It follows, therefore, that the tenant did not hold over after the expiration of his term within the meaning of that rule which implies an acceptance of the landlord's terms. His remaining was not of his own volition and; under the circumstances, was excusable. This case is not within the reason of the hold-over rule and not governed by it. The courts have refused to construe hold-over in the sense that permits the landlord to treat one as the tenant for another year where he continues in possession after the expiration of his term by reason of sickness in the family (*Herter* v. *Mullen*, 159 N. Y 28) or being quarantined in his house

8

Supreme Court, January, 1920.     [Vol. 110.

by the action of the board of health (*Regan* v. *Fosdick,* 19 Misc. Rep. 489), or by delay in the government removing the lock it had placed on a bonded warehouse held under lease by the tenant (*Pickett* v. *Bartlett,* 107 N. Y. 277).

If the present rent is unsatisfactory, the landlord has his remedy. But not by summary proceedings for non-payment of the increased rental. He must resort to hold-over summary proceedings and give the tenant the due and timely notice which is a condition precedent to such proceedings. The landlord did not demand the old rent, and insisting upon the new rent or his premises his petition is dismissed, with five dollars costs.

Petition dismissed, with costs.