# Abrams, Appellant, v. Sherwin.

*Landlord and tenant—Demand for increased rent and refusal—Holding over—Tenant by suffrance.*

1. Where a landlord repeatedly demands a stated increased rental as a condition of a new lease, and the tenant repeatedly refuses this demand, and the tenant holds over, the most the tenant will be assumed to have consented to pay, is a reasonable and com-

pensatory rent. The landlord cannot recover the stated increase of rental which he had demanded, unless it is a reasonable and compensatory rent.

2. In such case the landlord may look upon the tenant as a trespasser and summarily eject him; or he may treat him as holding over as a tenant by sufferance; or he may regard the holding over as a continuance under the terms of the lease; but the law will not infer an acceptance by the tenant of the terms which the landlord had demanded as a condition.

Argued October 7, 1920. Appeal, No. 179, Oct. T., 1920, by plaintiff, from order of C. P. Butler Co., June T., 1920, No. 30, discharging rule for judgment for want of a sufficient affidavit of defense, in case of E. E. Abrams v. Samuel Sherwin. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit for rental under coal lease. Before REIBER, P. J.

The opinion of the Supreme Court states the facts.

The court discharged a rule for judgment for want of a sufficient affidavit of defense. Plaintiff appealed.

*Error assigned,* inter alia, was order, quoting it.

*John R. Henninger,* for appellant.

*Howard I. Painter* and *James M. Galbreath,* for appellee, were not heard.

PER CURIAM, December 31, 1920:

On this appeal from the discharge of plaintiff's rule for judgment, the material averments in the statement of claim and affidavit of defense may be briefly stated. The defendant was plaintiff's tenant under a written lease. Before its expiration he was notified by the landlord, several times in writing and twice orally, that the lease would not be renewed at the same rental, but at a

higher one which the landlord named. He further requested the defendant to enter into a new agreement with him to pay the increased rental, but no attention was paid by the tenant either to the notices served upon him or to the request that he enter into a new agreement to pay higher rent. Thereupon the defendant was notified by the landlord that if he held over after the expiration of the lease he would be liable for the increased rent demanded. He held over for two years, and the claim of the plaintiff for the increased rate of rental for that period is based upon an alleged implied assumpsit on the part of the defendant to pay it arising out of the facts averred in the statement of claim. In his affidavit of defense the defendant admits the notices served upon him by the plaintiff and the demand that he enter into a new lease at increased rental, but avers that he notified the plaintiff repeatedly, both in person and by counsel, that he would not pay the increased rent demanded and would not enter into a new lease upon the terms fixed by the plaintiff.

Assuming the averments in the affidavit of defense to be true, as we must, the most the law would imply would be that, in holding over after the expiration of his lease, the defendant must be understood as consenting to pay what would be a reasonable and compensatory rent, and for that he is liable. The plaintiff's demand is for rental which he again and again demanded as a condition of his giving a new lease, and which the defendant says he just as frequently and positively declined to pay. When the defendant held over the law gave a choice of remedies to the landlord. He might have looked upon the tenant as a trespasser and summarily ejected him, or he might have treated him in holding over as a tenant by sufferance, or he might have regarded the holding over as a continuance under the terms of the lease. The law will not, by implication, infer an acceptance by the defendant of the terms which he had so persistently re-

fused and which plaintiff had so insistenly demanded as a condition.

The affidavit of defense being sufficient to prevent the entry of the judgment claimed by the plaintiff, this appeal is dismissed.

Appeal dismissed at appellant's costs.