FRANKLIN G. SLAGEL, Plaintiff, *v.* HARRY E. HUFF, Defendant.

Supreme Court, Erie County, February 10, 1938.

*Killeen & Sweeney*, for the plaintiff.

*Moot, Sprague, Marcy, Carr & Gulick*, for the defendant.

MALONEY, J. Defendant moves on the pleadings in the above-entitled action for an order granting judgment dismissing plaintiff's complaint on the ground that said complaint does not state facts sufficient to constitute a cause of action. Such relief is demanded under and by virtue of rule 112 of the Rules of Civil Practice.

Plaintiff's complaint alleges that by written lease dated May 13, 1933, plaintiff leased to defendant a certain apartment for the term of eleven months from June 1, 1933, to May 1, 1934, for the sum of $1,650, payable in monthly installments of $150 each. Defendant entered into and occupied said premises. On February 26, 1934, while defendant was in possession of said premises under said lease, the defendant by letter inquired of plaintiff if he would lease said premises for a term of one year from May 1, 1934, at a rental of less than $150 per month. On March 15, 1934, plaintiff offered, by letter, to lease said premises to defendant for a term of one year beginning May 1, 1934, at a monthly rental of $165. On April 2, 1934, plaintiff, by letter, requested the defendant to notify plaintiff by April 15, 1934, whether or not the defendant intended to take said premises for a term of one year as aforesaid at a rental of $165 per month, so that if the defendant did not intend so to do the plaintiff could arrange to lease the premises to other interested parties. On April 15, 1934, defendant telegraphed plaintiff as follows: " Will you accept present rental for another

year? Wire answer Western Union today, important." On April 15, 1934, plaintiff replied by telegram to defendant as follows: "Retel. Accept your offer present rental for another year."

Plaintiff claims defendant by his telegram of April 15, 1934, offered to lease or take the aforesaid apartment for the term of one year commencing May 1, 1934, and ending May 1, 1935, at the same monthly rental as the 1933–1934 lease.

Defendant urges on this motion that the letters and telegrams between the parties hereto as hereinbefore set out do not constitute a valid offer and acceptance, but on their face are inquiries which never consummated or grew into a contract or lease.

For the purposes of determining the motion herein only the pleadings before this court will be considered. (Rules Civ. Prac. rule 112; *Germini* v. *New York Central R. R. Co.*, 209 App. Div. 442; *Sweet* v. *Hollearn*, 141 Misc. 135, and cases therein cited.)

The rule laid down in *Richardson* v. *Gregory* (219 App. Div. 211; affd., 245 N. Y. 540) is that "the court had the right on a motion for judgment on the pleadings to take into consideration as a part of the pleadings the bill of particulars served by the plaintiff, and since the answer raises the issue of consideration, and since the bill of particulars shows that the plaintiff cannot possibly prove a valid consideration, the motion by the defendant for judgment on the pleadings should have been granted."

The telegram dated April 16, 1934, set up in defendant's answer as follows: "After careful consideration I find I cannot justify present rental, therefore moving May 1st. Advise your daughter," from defendant to plaintiff, while not necessary to be considered for the determination of the within motion, might well have been considered if in the opinion of this court the same was necessary in the determination of the within motion.

If it cannot be found as a matter of fact and law, after a careful analysis of the letters and telegrams alleged in plaintiff's complaint, that they constitute a legal lease, then defendant's motion must be granted.

The letter of February 26, 1934, was an inquiry as to renewal of the lease, at a reduced rental, made by defendant to plaintiff, and plaintiff's letter of March 15, 1934, was an inquiry as to whether defendant would enter into a lease at an increased monthly rental. The letter of April 2, 1934, from plaintiff requested defendant to make a reply by April 15, 1934, to plaintiff's letter of March 15, 1934, viz., whether or not the defendant intended to release the apartment in question for another year at a rental of $165 per month. On April 15, 1934, defendant did not reply to plaintiff's letter of March 15, 1934, but made an inquiry as to whether plaintiff would accept present rental for another year. This was, in

my opinion, an inquiry as to whether or not plaintiff would insist on the rental of $165 per month or would he be willing to lease the apartment at the previous monthly rentals. Defendant at no time made an open offer the acceptance of which would or did ripen into a lease or contract.

By reason of the above, and after careful consideration, the court is obliged to find as a matter of law that there was no contract or lease entered into between the parties hereto. (*Brady* v. *Cassidy*, 104 N. Y. 147; *Dwight* v. *Germania Life Ins. Co.*, 103 id. 341; *First National Bank* v. *Dana*, 79 id. 108; *McNally* v. *Georgia-Florida Lumber Co.*, 146 App. Div. 456; *Spotless Co.* v. *Commercial Trust Co.*, 215 id. 412; *Craig* v. *Pierce*, 231 id. 159; *Churchill Evan. Assn., Inc.*, v. *Columbia Broadcasting System, Inc.*, 236 id. 624; *Braxton* v. *Mendelson*, 233 N. Y. 122; *Elco Shoe Mfrs.* v. *Sisk*, 260 id. 100.)

Defendant's motion herein is granted, with leave to plaintiff to plead anew if other facts and circumstances not pleaded herein exist.

Let judgment enter accordingly, without costs.