Adolph Kaufman et al., as Trustees under a Trust and a Plan of Reorganization of Series B-1 Mortgage Investments, Land-lord, Appellant-Respondent, v. John R. Bartels, Tenant, Respondent-Appellant.

Supreme Court, Appellate Term, Second Department, June 29, 1944.

*Arthur Sheinberg* and *Seymour D. Altmark* for landlord, appellant-respondent.

*Joseph S. Catalano* for tenant, respondent-appellant.

MEMORANDUM *Per Curiam.* The exchange of telegrams did not effect a renewal of the pre-existing lease (*Pomeroy* v. *Newell No. 2,* 117 App. Div. 800, 804; *Slagel* v. *Huff,* 166 Misc. 168, 171, affd. 254 App. Div. 925, motion for leave to appeal denied 279 N. Y. 813). The tenant, by retaining possession after expiration of the lease, is deemed to have agreed to the landlord's terms as expressed in the proposed renewal lease (*McKee* v. *Fredk. Loeser & Co., Inc.,* No. 66, April, 1932, Term), and consequently the landlord was under no obligation to comply with the provisions of the original lease with relation to the redecoration of a portion of the apartment and the allowances against the rent. This determination is without prejudice to any rights which the tenant may have under the terms of the reletting.

The final order should be modified upon the law by increasing the award in the landlord's favor to the sum of $165, together with appropriate costs in the court below and dismissing the counterclaim on the merits, and as so modified affirmed, with ten dollars costs to the landlord.

MacCrate, Smith and Steinbrink, JJ., concur.

Ordered accordingly.