ADELE HARRISON et al., Landlords, v. MARY BERKOWITZ et al., Tenants.

Municipal Court of the City of New York, Borough of Brooklyn, December 31, 1951.

*Louis Wallach* for landlords.

*Benjamin Spector* for tenants.

FEIDEN, J. In this summary proceeding for nonpayment of rent, the facts are not in dispute. The landlords and tenants entered into a written lease on August 29, 1947, for the renting of a three-and-a-half-room apartment at 1349 Shore Parkway, Brooklyn, New York, for a three-year term commencing September 1, 1947, and ending August 31, 1950, with the rent fixed at $90 per month. It appears that when the lease terminated

on August 31, 1950, the tenants continued in possession. The landlords elected to treat them as tenants for an additional year. Shortly before August 1, 1951, the tenants received a thirty-day notice that they vacate on or before August 31, 1951, or, in the alternative, if they elected to remain in possession of the apartment, they might do so but at a monthly rental of $150. Prior to August 31, 1951, the tenants notified the landlords that they would not pay the increase. The tenants held over and tendered $90 as and for their September, 1951, rent, which tender was refused. The litigants are in agreement that since the housing accommodations in which the tenants reside were completed after February 1, 1947, the premises are decontrolled. (State Residential Rent Law, L. 1946, ch. 274, § 2, subd. 2, par. [g], as amd. by L. 1950, ch. 250, and L. 1951, ch. 443.)

The law in this State is well settled that where a tenant has notice from his landlord that if he retains possession he must pay a higher rent, specified as to amount, and he remains in possession, he must be deemed to assent to such increased amount. The law will imply from such holding over an agreement by the tenant to pay the higher rental. (*Kaufman* v. *Bartels*, 182 Misc. 128, motion for leave to appeal denied 268 App. Div. 864; *McKee* v. *Loeser & Co.*, App. Term, 2d Dept., April, 1932; 1 New York Law of Landlord and Tenant, § 82; 1 Rasch on Landlord and Tenant and Summary Proceedings, § 159, p. 148; *Farrell* v. *Woodward*, 101 Misc. 560; *Despard* v. *Walbridge*, 15 N. Y. 374; *Giordano* v. *Loperfide*, 203 App. Div. 164; *Mack* v. *Burt*, 5 Hun 28; *Frost* v. *Akron Iron Co.*, 12 Misc. 348, revd. on other grounds, 1 App. Div. 449; *Scully* v. *Roche*, 76 Misc. 458; *Thorp* v. *Philbin*, 15 Daly 155, affg. 2 N. Y. S. 732; *Stein* v. *Sutherland*, 92 N. Y. S. 314; *Machson* v. *Katz*, 187 N. Y. S. 411; *Commercial Cable Bldg. Co.* v. *McKenna*, 187 N. Y. S. 411; *Rosenberg* v. *Radish*, 191 N. Y. S. 701; *Breslaw* v. *Vonderheld*, 196 N. Y. S. 543.)

The tenants claim that because they protested the increase, their remaining in possession cannot be deemed an assent to pay the higher rental. Such objection does not alter the legal effect of their holding over. Precise holdings to this effect are *Mack* v. *Burt* (*supra*); *Farrell* v. *Woodward* (101 Misc. 560, 566, 567, *supra*); *Commercial Cable Bldg. Co.* v. *McKenna* (*supra*), and *Stein* v. *Sutherland* (*supra*). An exhaustive search of the authorities fails to reveal any authority supporting the position of the tenants.

The premises were specifically exempted from control. (See L. 1946, ch. 274, § 2, subd. 2, par. [g], as amd. by L. 1950, ch. 250 and L. 1951, ch. 443, and Rent and Eviction Regulations of Tem-

porary State Housing Rent Commission, § 9, subd. 3, eff. March 15, 1951.) Accordingly, those persons occupying apartments in decontrolled premises do so under the same circumstances as if there were no rent control law. When the tenants remained in the premises after August 31, 1951, they must be deemed to have assented to the higher rental.

The tenants have cited the case of *Henrichson* v. *Fulton* (183 Misc. 914), decided by the Appellate Term, First Department. That holding is directly contrary to the law of this State as set forth in this opinion, and contrary to the holdings of the Appellate Term in this department in the cases of *Kaufman* v. *Bartels* (*supra*) and *McKee* v. *Loeser & Co.* (*supra*). It follows a view of the question in some of the jurisdictions of this country. (See Note, 109 A. L. R. 197, *et seq.*) The court has not overlooked the cases of *Levin* v. *Rosenkrantz* (86 N. Y. S. 2d 271) and *Kleinman* v. *Field* (110 Misc. 111). In these cases the tenants were notified that if they held over they would be required to pay an increased rent. The tenants held over. The court in each of these decisions decided that because of the inability of tenants to move during the emergency, their holding over could not be deemed an assent to pay the increased rent. These cases, however, are inapplicable for the reason that these premises are specifically decontrolled. The purpose of decontrolling new housing accommodations was to encourage building construction and in such manner to alleviate the housing shortage. While the position of these tenants is unfortunate, to hold that landlords of decontrolled premises must suffer curtailment of their common-law rights would be an infringement of rights given to builders of housing accommodations who did so with the understanding and on reliance that their property would not be controlled.

There is nothing in the record that these tenants made an effort to secure other accommodations. While there is a great shortage of housing accommodations which are subject to rent controls, it would appear that these tenants can secure other decontrolled accommodations. From the court's own knowledge of the rental situation, accommodations are available in decontrolled housing. There is no evidence in this case to the contrary.

This being a nonpayment proceeding, the court can grant these tenants only a five-day stay (N. Y. City Mun. Ct. Code, § 28-a, subd. 4). These tenants should undoubtedly receive the benefit of a longer stay but that is a matter for legislative remedy.

Final order for landlords. Five days' stay.