Arthur Waohtel, J.
This is a nonpayment proceeding. The tenant has occupied apartment 4B, consisting of four and one-half rooms, in the premises under a written lease for the term of two years commencing October 1, 1955, and ending September 30, 1957. The rental fixed in said lease was $133 per month. Paragraph 28 of the lease provides that: 1 ‘ the term of this lease shall be deemed to be and shall be extended and renewed by and against the parties hereto from year to year upon the expiration of each term at the same rental, without any deduction or concession, and upon all the terms and conditions and covenants herein contained without the necessity of a new instrument unless either party, on or before seventy-five days next preceding the termination of any term shall give to the other notice in writing of intention not so to renew and extend the term of this lease. The landlord shall, not more than one hundred and five days and not less than ninety days prior to the expiration of each term of this lease, give to the tenant written notice, calling the attention of the tenant to the existence of the provisions of this Paragraph 28, provided, however, that such notice shall not be required if the landlord has given or intends to give to the tenant notice in writing of the landlord’s intention not to renew and extend the term of the lease beyond the expiration of the then current term.” By letter dated June 19, 1957, the landlord gave written notice to the tenant, calling the attention of the tenant to the provisions of paragraph 28, and in the same notice notified the tenant that ‘ ‘ it will be impossible for us to entertain a renewal of *722 your lease at the present rental rate,” and, explaining the increased costs of operation, stated it would like to renew the lease “on a reasonable and logical basis.” Thereafter, the landlord offered the tenant a one-year lease at a rental of $152. However, the tenant protested this proposed increase and refused to sign the new lease. The landlord requested the return of the proposed “ lease renewal ” on September 26,1957, by return mail, but it was not so returned. That was the situation at the time of the expiration of the lease, September 30, 1957. Finally, on October 8, 1957, the landlord sent a notice by registered mail to the tenant stating that ‘1 since we have not received signed copies of your lease renewal which were mailed to you on August 30, 1957, on lease which expired September 30th 1957, we therefore elect to hold you as an automatic holdover for a period of one (1) year at a monthly rental of $152.00”.
The landlord relies upon the rule enunciated in Despard v. Walbridge (15 N. Y. 374, 376) to the effect that where the landlord notifies the tenant that if his lease is to be renewed after expiration of the term, it must be on the basis of an increased rent, and the tenant continues to occupy the premises after expiration, without other reply, 6 ‘ This * * * laid the foundation for an implied contract. It was in law, a virtual assent to the terms prescribed in the notice.” This rule has been extended in cases where the tenant protests the increase (Mack v. Burt, 5 Hun 28; Farrell v. Woodward, 101 Misc. 560; Commercial Cable Bldg. Co. v. McKenna, 168 N. Y. S. 13) and such extension of the rule has been followed in the Second Department (Kaufman v. Bartels, 182 Misc. 128, motion for leave to appeal denied 268 App. Div. 864; McKee v. Loeser & Co., App. Term, 2d Dept., April, 1932; Harrison v. Berkowitz, 202 Misc. 799). However, there has been a contrary trend in the First Department (Henrichson v. Fulton, 183 Misc. 914; see Levin v. Rosenkrantz, 86 N. Y. S. 2d 271). As Mr. Justice Hammer pointed out in the case of Henrichson v. Fulton (supra) citing Tiffany on Landlord and Tenant (Vol. 2, p. 1490) if the tenant protests ‘ ‘ ‘ there can, by the cases generally, be no implication of assent by him.’ ” (Italics supplied.) In that case, the court said (p. 917), “ as it is undisputed that he refused to accede to .the landlord’s demand ” the tenant could not be held for the increased rental on the theory of any express or implied agreement to pay such increase. Mr. Justice Donoghue, in his opinion in Levin v. Rosenkrantz, after analyzing the authorities concluded that the rule of Despard v. Walbridge was never intended to he one of conclusive, irrefutable presumption.
*723 This court follows the rule set forth by the Appellate Term of this Department in Henrichson v. Fulton. Paragraph 28 of the lease was carefully drawn, and must be construed against the landlord which drew it. It provides for renewal “at the same rental, without any deduction or concession,” but not at any increased rental. The landlord has refused to renew the lease at the same rental. It has offered the tenant a new lease at an increased rent, but the tenant has refused to accede to the landlord’s demand. There has been no agreement, either express or implied, by the tenant to pay such increase. Nor, under the facts in this case, can his continuance in occupancy be deemed such agreement. Furthermore, the petition erroneously alleges that the rent demanded is no greater than the maximum rent prescribed by the rent control act.
Accordingly, the petition is dismissed without prejudice to any other proceeding or action as the landlord may be advised.