UNITED STATES of America,
Plaintiff-Appellee,

v.

CERTAIN INTERESTS IN PROPERTY Situate IN the BOROUGH OF BROOKLYN, COUNTY OF KINGS, STATE OF NEW YORK, and Dayton Development Fort Hamilton Corp., Fort Hamilton Manor, Inc., et al., Defendants-Appellants.

No. 276, Docket 27327.

United States Court of Appeals
Second Circuit.

Argued March 29, 1962.
Decided April 25, 1962.

Yellin, Kenner & Levy, New York City, on the brief, for defendants-appellants.

Harold S. Harrison, Attorney, Dept. of Justice, Washington, D. C. (Ramsey Clark, Asst. Atty. Gen., Harry T. Dolan, Special Asst. to the Atty. Gen., Brooklyn, N. Y., and Roger P. Marquis, Attorney, Dept. of Justice, Washington, D. C., on the brief), for plaintiff-appellee.

Before MEDINA, SMITH and HAYS, Circuit Judges.

SMITH, Circuit Judge.

This is an appeal from an order of the United States District Court for the Eastern District of New York, Leo F. Rayfiel, D. J. granting a motion of the United States for an accounting. The order appealed from grows out of an action to condemn defendants' leasehold interests in two parcels of real property, located at Fort Hamilton, in the Borough of Brooklyn. The land involved herein was owned by the Government, and occupied by the defendants under a 75-year lease. Between 1951 and 1953 the defendants had constructed upon said land 669 apartments to be rented for the use of military personnel, financing the construction through private mortgage loans guaranteed by the F.H.A. under the Wherry Act.

The complaint was filed on December 15, 1960 on behalf of the United States which at the same time filed a declaration of taking and deposited with the court the sum of $1,250,000, estimated by the Government to be just compensation pursuant to 40 U.S.C. § 258a.[1] On the following day an ex parte order granting possession thereof to the Government as of February 1, 1961 was entered.

Thereafter, on September 20, 1961, the Government moved for an order requiring the appellants to account for the period during which the condemnees remained in possession, pursuant to the order of the

---

1. 40 U.S.C.A. § 258a: (Act of February 26, 1931, C. 307 Sec., 1, 46 Stat. 1421)
   " * * * upon the filing said declaration of taking and of the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation * * * title to the said lands * * * specified in said declaration, shall vest in the United States * * * and said lands shall be deemed to be condemned and taken * * *, and the right to just compensation for the same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceed-ing and established by judgment therein, and the said judgment shall include, as part of the just compensation awarded, interest at the rate of 6 per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment; but interest shall not be allowed on so much thereof as shall have been paid into the court. * * * Upon the filing of a declaration of taking, the court shall have power to fix the time within which and the terms upon which the parties in possession shall be required to surrender possession to the petitioner."

court, after title had vested in the United States. The order for accounting was granted and condemnees appeal. We hold that the United States has a valid claim for rental value of the premises during this period, rather than an accounting of moneys received as agent, and reverse and remand for determination of such rental value.

The date set for the surrender of possession was that which was requested by the United States. The request was apparently based upon the premise that it would be advisable to effect an orderly transition in the management and operation of the property as well as upon an alleged understanding between the parties that the condemnees would manage and service the property as agents for the Government in return for a management fee amounting to 5% of the gross income. No terms for continuing in possession were fixed in the court order. The defendants strenuously deny that any agreement was ever reached and contend that although the Government sent a letter, dated December 22, 1960, outlining such an arrangement the corporation never replied thereto, or agreed to the Government's proposal either then or later.

The District Court concluded that the continued possession and operation by the defendants was a tacit acceptance of the terms stated in the Government's letter, and "that even if that were not so, the equities would demand an accounting."

██ The existence of an agreement is sharply disputed. In the absence of a written acceptance by the condemnees, or other evidence to support an inference of acceptance of the Government proposal, it was error for the District Court to conclude that such an agreement came into being. The Government cannot rely upon the continued possession and operation of the property by defendants since the condemnation order provided for the condemnees to continue in possession until February 1, 1961. Consequently the situation is not analogous to that of a holdover tenant's continued occupation after a demand by the lessor for an increase in rent, which quite naturally is held to constitute acceptance of such proposal, Harrison v. Berkowitz, 202 Misc. 799, 109 N.Y.S.2d 722; 1 McAdam on Landlord and Tenant 103 (5th ed. 1934). For in the case at bar the condemnees were exercising their adjudicated right to retain possession until February 1, 1961. We know of no principle of contract law that requires a party to choose between accepting an unpalatable offer and giving up his legal right to possession. We therefore conclude that no agreement was entered into and it was clear error for the court to hold otherwise. It is necessary therefore for the court to determine the amount due the Government for possession during this period in the absence of contract.

██ Under Sec. 258a the "court has the power to fix the time within which and the *terms upon which* the parties in possession shall be required to surrender possession." (Emphasis added.) Terms were not fixed at the time of the order and should now be fixed with due regard to the parties' relationship to the premises during the period from termination of the lease to the surrender of possession. Since the Government compensated the defendants for the taking as of December 15, 1960 [2] the court should order the payment of reasonable compensation to the Government, the then owner of the property, as provided by the statute, for its use after that date. Cf. United States v. 6,576.27 Acres of Land in McLean County, 77 F.Supp. 244, 248 (D.N.D.1948).

2. The fund deposited with the court is considered vested in defendant from the time it is deposited free of restriction. Bishop v. United States, 288 F.2d 525 (5 Cir. 1961) ; United States v. 53¼ Acres of Land in the Borough of Brooklyn, 176 F. 2d 255, 258 (2 Cir. 1949) ; United States v. Certain Lands in the City of St. Louis, Mo., 41 F.Supp. 809 (E.D.Mo.1941), aff'd sub nom. O'Donnell v. United States, 131 F.2d 882 (8 Cir. 1942) ; United States v. 15.03 Acres of Land, etc., 253 F.2d 698 (2 Cir. 1958).

The test is the fair market value of the right to possession of the leasehold for the period between the date of passing of title and the end of the holdover period under the order of the court. This amount the United States is entitled to recover. The court has treated the condemnees as managing agents, collecting rents from the subtenants and paying expenses for the account of the owner, on its finding, which we hold erroneous, that the parties had so contracted. Since the condemnees, however, were in the position of lessees legally in possession after the lease had been terminated by condemnation of their interest therein, under court order continuing their right to possession, rather than as agents for the Government, we hold that they had a right to continue their subrental and management of the premises during the period, with a duty to pay the reasonable value of their tenancy for the period, to be fixed by the Court under the Act. 40 U.S.C.A. § 258a.

Unquestionably, one considering entering into a tenancy for such a period would give major consideration to the receipts and expenditures to be expected, based on the condemnees' own experience with the project, and it may be that the court in arriving at a fair rental value might arrive at a figure, including profits which obviously would be expected and bargained for and represent additional elements to be considered by one acquiring possession for the limited period, substantially equal to the subrentals after maintenance expenses less a reasonable management fee approximating the 5% proposed by the U. S.

What is a reasonable rental is a question to be determined in the light of all the circumstances in the instant case taking into consideration evidence if available of what is customary for management services of a like character, which amount may or may not be 5%. The parties are entitled to submit proof as to reasonable rental value.

Reversed and remanded for further proceedings in accordance with this opinion.