Alfred GRONER, Appellant,

v.

TOWNHOUSE REALTY, INC., a corporation, Appellee.

No. 4052.

District of Columbia Court of Appeals.

Argued Sept. 11, 1967.

Decided Nov. 27, 1967.

Thomas G. Laughlin, Washington, D. C., for appellant.

William D. Holeman, Washington, D. C., with whom Charles D. T. Lennhoff, Springfield, Va., was on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

HOOD, Chief Judge:

This appeal is from a judgment against appellant on appellee's claim for rent for the first and second floors of business property. From a rather unsatisfactory record the following facts appear to have been established at trial.

Appellee by agreement in writing leased the second floor to appellant for $45 per month.[1] Thereafter appellant began use of the first floor and in October 1962 appellee by letter informed appellant that beginning November 1, 1962, he would be required to pay rent of $90 per month. Appellant refused to agree to this but continued to use the first and second floors. In November 1964 appellee sent appellant another letter in which he referred to the "existing rent" of $90 a month.

Although appellant did not answer in writing either of the letters, the testimony for both appellant and appellee was that the matter of the increased rent was discussed by them and that appellant refused to agree to pay the increased rent. Appellant continued to use the first and second floors until January 1, 1965. After he vacated, appellee brought this action claiming $838.50 for rent of the second floor and $1,180.50 for rent for the first floor.

1. Appellant also agreed to pay certain service costs not here material.

The trial appears to have centered almost entirely on the question of appellant's liability for rent for the first floor. What amount of rent had been paid for the second floor is not shown by the record, but in its finding the court allowed appellant a credit of $1,270. The court found that appellant was liable for rent for the first floor, holding that an agreement was established by appellant's failure "to respond to or object to" appellee's proposal and by appellant's continued occupancy.

The trial court's finding that appellant failed to object to the proposed rent is not supported by the record. The statement of proceedings and evidence, approved by the trial court, clearly shows, as we have indicated, that the testimony of both parties was to the effect that the parties discussed the matter and that appellant objected to the proposal and never agreed to it.

The question thus presented is whether a tenant who, upon notification by his landlord of a proposed increase in rent, objects thereto but continues in possession is bound to pay the increased rent?

It is generally agreed that where a landlord notifies a tenant that he must pay a higher rental if he remains in possession and the tenant without objecting continues in possession, the tenant will be regarded as having impliedly agreed to the increase and is bound to pay it. We have so held in Summerbell v. McDonnell, D.C.App., 197 A.2d 150 (1964). However, the authorities are not in agreement as to the tenant's liability for the increased rent where he makes known his refusal to pay the increased rent but continues in possession.[2] Some courts have held the tenant liable despite his refusal to agree. In Harrison v. Berkowitz, 202 Misc. 799, 109 N.Y.S.2d 722, 724 (1951), it was said:

The tenants claim that because they protested the increase, their remaining in possession cannot be deemed an assent to pay the higher rental. Such objection does not alter the legal effect of their holding over.

Other courts have held that where the tenant protested the increase and refused to agree to it, there is no agreement express or implied and the tenant is not bound. In Welk v. Bidwell, 136 Conn. 603, 73 A.2d 295, 297 (1950), it was said:

The crux of the matter lies in the fact that a lease is a contract. * * * Where there has been no meeting of the minds there is no contract. If a landlord insists on one rate of rental and the tenant insists on another, there is no meeting of the minds.

In Abrams v. Sherwin, 269 Pa. 31, 112 A. 235, 236 (1920), it was held:

The law will not, by implication, infer an acceptance by the defendant of the terms which he had so persistently refused and which plaintiff had so insistently demanded as a condition.

We think the last two cited cases state the better rule. A lease is an agreement and an agreement requires the consent of both parties. It is unrealistic to say there is an implied agreement when one of the parties expressly refuses to agree. When appellant refused to consent to the proposed increase in rent, appellee could have taken steps to evict him. Instead appellant was allowed to remain in possession for twenty-six months without an agreement to pay any specified sum. It was error to hold appellant liable for a sum he had never agreed expressly or impliedly to pay.

Our holding does not mean that appellant could occupy the space on the first floor free of charge. He is liable for the reasonable value of the use and occupation of the space[3] but no evidence was produced at trial as to such value.

---

2. A full discussion of the question and the cases dealing with it are set forth in the Annotation at 109 A.L.R. 197.

3. Christopher v. Shapiro, D.C.Mun.App., 107 A.2d 117 (1954).

We are unable to ascertain from the record whether the judgment of $1,062.06 was for rent for the first or second floor or for both, since the trial court in finding for appellee announced that the sum "includes whatever balance might have been due for the first floor and, also, rental on the second floor." Nor are we able to ascertain whether the $1,250 credit to appellant allowed by the trial court was credited against rent for the first or second floor or for both. Accordingly, the judgment is reversed and the case is remanded solely for determination of the reasonable value of the use and occupancy by appellant of the first floor and for adjustment of the judgment in accordance with such determination.

Reversed and remanded with directions.