UNITED STATES of America

v.

Mary A. YEICH, Robert W. Auchenbach and Joan Titlow.

Civ. A. No. 76–2767.

United States District Court, E. D. Pennsylvania.

May 6, 1977.

David W. Marston, U. S. Atty., and Bruce J. Chasan, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Franklin E. Poore, III, Reading, Pa., for Yeich.

Louis Shucker, Reading, Pa., for Auchenbach and Titlow.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This is an action by plaintiff for rent allegedly due as a result of continuous occupation by defendants of land acquired by the plaintiff in a civil proceeding entitled *United States of America v. 41.32 Acres of Land, More or Less, Etc.*, C.A. No. 74–2990 (E.D.Pa.1975). Plaintiff moves for summary judgment on the action against Mary Yeich.

An examination of the pertinent factual allegations reveals that the Government acquired title to land by eminent domain on November 20, 1974, in the *41.32 Acres* case. Included in this land is a tract of 5.98 acres which includes a dwelling, which was occupied by the Yeich family, including defendant Mary Yeich, at the time of the condemnation. The family remained on the premises until January 21, 1976. Then they moved to Sinking Spring, Pennsylvania, with the exception of defendant Mary

Yeich, who remained in the dwelling until January 26, 1977.

Plaintiff contends that defendant is liable for rent for continued occupancy. It argues that as a matter of law it was entitled rent from the date of the acquisition, November 20, 1974. It concedes that it is the policy of the Government to permit families to remain on property thus acquired for one year free from rent and further concedes that an additional ninety-day period was granted to the Yeich family. Nonetheless, they argue, all grace periods ended on February 17, 1976, one year plus ninety days from November 20, 1974. From that time until January 26, 1977, defendant is liable for rent.

■ *United States v. Certain Interests in Property Situate in Brooklyn, Etc.,* 302 F.2d 201 (2d Cir. 1962) held that condemnees remaining in possession of condemned property had a duty to pay the reasonable value of their tenancy. Defendant does not dispute this authority, but seeks to distinguish that holding on the grounds that Mary Yeich was not a party to the original condemnation proceeding. We found no authority for this distinction and do not accept it. We note that Mary Yeich was at least a former tenant on the premises, and we note that the Court in *United States v. Certain Land in Borough of Manhattan, Etc.,* 233 F.Supp. 899 (S.D.N.Y.1964) held that former owners *and tenants* have a duty to pay just compensation to the Government. This is the soundest rule; to hold otherwise would be to say that former landowners are liable for rent but tenants are not, putting tenants in a position preferable to that of their own landlords.

We find, therefore, that defendant has a duty as a matter of law to pay the Government just compensation for her continued occupancy of the property from February 17, 1976, to January 26, 1977. Even if she did have the permission of the Government to be on the premises, she must pay rent for the time she was there.

■ Regarding how much rent she must pay, plaintiff asserts that the rental value of the property was $150.00 per month. As a basis for this assertion, plaintiff offers the affidavit of John R. Weber, Jr., a qualified appraiser,[1] who determined that the value of the property was $150.00 per month. Defendant seeks to rebut this evidence with her own affidavit in which she asserts that the property was valued only at $40.00 per month, and argues that there is an issue of fact for trial. However, there is no evidence in her affidavit that defendant is qualified to offer such evidence. Facts set forth in affidavits must come within the competency of the individual. *Scott v. Dollahite,* 54 F.R.D. 430 (N.D. Miss.1972), *McShane Contracting Co., Inc. v. United States Fidelity and Guaranty Company,* 61 F.R.D. 478 (W.D.Pa.1973). Inadmissable evidence does not comply with the rule. *Neff v. World Publishing Co.,* 349 F.2d 235 (8th Cir. 1965).

Federal Rule of Evidence 701 holds:

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue."

This limitation certainly excludes such expert testimony as computing the value of property.

Thus, we have an assertion by the plaintiff that rent is $150.00 per month, which defendant has failed to properly contest. According to F.R.C.P. 56(e), summary judgment is proper in the absence of a dispute of a material fact.

Plaintiff's motion for summary judgment will accordingly be granted.

---

1. Weber was qualified by the Society of Real Estate Appraisers, Chicago, Illinois as a Senior Residential Appraiser in 1972 and a Senior Real Property Appraiser in 1973.