## ZILL v KOCHAN

Ohio Appeals, 8th Dist,. Cuyahoga Co.
No 10730. Decided Nov. 3, 1930

Frank C. Scott, Cleveland, for Zill.
Farquharson, Curtiss, Gillie, Gustafson & Miller, Cleveland, for Kochan.

PER CURIAM

The chief defense of plaintiff in error was that the defendant in error misrepresented the property which plaintiff in error was to have taken in exchange for his own. It is pointed out, first, that the written proposition for the exchange of properties prepared by the defendant in error, gives the size of the St. Clair Avenue lot, which was to be taken by plaintiff in error in exchange for his own property, as 88 x 150 feet. The proof shows that there was a frontage of 80 feet to a depth of 130 feet, a depth on the other side of only 126 feet, and a width in the rear of only 75 feet.

Plaintiff in error stated that defendant in error showed him a statement which indicated the rentals being received on the buildings located on the property which he was to take in exchange for his own. The evidence shows that such rentals were not being received.

Defendant in error claims that Dr. Rybek, President of The Atlas Savings & Loan Company had told him the amount of rental, or referred him to some one in the office of the company for such information. Dr. Rybak denies doing either.

Plaintiff in error states that he relied upon the representation as to rentals and that when he discovered that the same were false, he took it up with The Atlas Savings & Loan Company which released him from his contract.

It is true that defendant in error denies that he showed such statement to plaintiff in error, which indicated the rentals being received, but, in our opinion, the fact that The Atlas Savings & Loan Company, upon being told by plaintiff in error as to the representations made by the agent, saw fit to release him from his contract, is a powerful element which makes the testimony of plaintiff in error far more probable than the testimony of denial offered by the agent.

The agent testified that Dr. Rybak had told him the amount of rental or referred him to some one in the office of the company for such information. Dr. Rybak denied doing either.

We are of the opinion, taking the events concerning the transaction and the events following it, that the statement of plaintiff in error bears the ear-marks of truth and that therefore the defense of fraud and misrepresentation was clearly proven.

A contract induced by fraud and misrepresentation is not a binding contract. Apparently The Atlas Savings & Loan Company recognized this, and released plaintiff in error from his contract. It is admitted by counsel that the basis of recovery as set forth in the first cause of action, was that through the medium of the agent, the parties entered into a binding contract of exchange of properties, and that with-

out such a contract the claim for commission would fail. If fraud and misrepresentation is the inducing cause which induces either party to enter into a written memorandum, it cannot be regarded as a binding contract, as it lacks the essential element of all contracts, namely, that there be a meeting of the minds.

The evidence, in our opinion, shows such fraud and misrepresentation as is claimed by plaintiff in error, and therefore it proves destructive of the basis of recovery namely, the existence of a binding contract, since there could have been no meeting of the minds between the parties in view of the misstatement made by the agent.

For the reasons above set forth, the judgment of the common pleas court will be reversed as manifestly against the weight of the evidence, and the cause is remanded for further proceedings according to law.

Vickery, PJ, Levine and Cline, JJ, concur.