### GROSS et v LEVIN

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 18, 1932

Mr. M. Mendelssohn, Youngstown, for plaintiffs.

Messrs. Friedman & Rummell, Youngstown, for defendant.

POLLOCK, J.

Several errors are alleged. The main one is that the party in holding over without giving the written notice was only a tenant at that time from month to month and could leave at the close of any month. The court charged the jury that in holding over he became a tenant from year to year; in other words, the original lease continued each year thereafter by both parties acquiescing in it; that is, by the lessee continuing in the premises as before and paying the rent, and the landlord accepting the rent. It was urged that the charge was error. Some cases have been called to our attention. We think the Supreme Court has settled this question in the case of **Moore v Harter, 67 Oh. St, 250.** I am reading from the opinion on page 253:

"It has long been settled in this state that when a tenant for years holds over after the expiration of his lease, he becomes, at the election of the landlord, a tenant from year to year; and in the absence of any new agreement with the landlord he holds under the terms of the original lease."

Citing three cases in the state of Ohio, by the Supreme Court of this state which sustain that proposition, so there was no error in charging as the court did charge.

It was further urged that on being notified that the tenant was going to leave, Levin did notify the tenant that he would hold him for the rent. It appears that in July following the time the tenant left, he did send some notice to Levin that he was going to abandon the premises. It is claimed that on receiving that notice the owner of the property should have notified the tenant that he would hold him for his rent. It

seems that this party continued on in these premises until the 15th of October, paying the rent up until that date. He then moved out without giving any further notice and after he had moved practically everything out he gave the son of the owner of the property the key and the son brought it to the father. Levin kept the key from that time on and attempted to lease the property to others, it is claimed, refusing to notify that he would hold the renter for the balance of the term, and attempting to lease the property, he acquiesced in the cancelling or ending of this contract.

We do not think that the landlord was required to do anything of the kind, was required to say " I will not release you from this contract." He did, from the evidence, attempt to lease the premises, find a lessee for the property. It was his duty to do what he could reasonably to reduce the damages the party would have to pay.

This question has been settled by the Supreme Court in the case of **Bumiller v Walker, 95 Oh St, 344.** The last proposition of the syllabus reads as follows:

"An acceptance by the landlord of the key to the premises, his advertising for a new tenant and renting the premises to another upon its vacation by the old tenant, under the facts stated, are not sufficient to constitute a surrender."

In this case the landlord accepted the key without any notice that would hold the tenant for the rent and did succeed in renting the property to another renter for less rent, and then brought action to recover the remainder of the rent from the tenant who had moved out before his term, and the Supreme Court said he had a right to recover, so we think that all of the questions raised in this case have been decided by the Supreme Court of this state and the judgment of the court below is affirmed.

ROBERTS and FARR, JJ, concur.