## HELLEBUSH et v
## TISCHBEIN APOTHECARIES, INC

Ohio Appeals, 1st Dist, Hamilton Co

No 5074. Decided June 22, 1936

Clark & Robinson, Cincinnati, for appellees.

Nichols, Morrill, Wood, Marx & Ginter, Cincinnati, for appellant.

## OPINION

By MATTHEWS, J.

This is an appeal on questions of law from the Municipal Court of Cincinnati. The appellant was the defendant in the trial court and the appellees were the plaintiffs.

The action was to recover $800.00 with interest, which the appellees claimed was due them from the appellant as rent under the terms of a lease of certain real estate. The case was submitted to the

court without the intervention of a jury. It found in favor of the appellees and rendered judgment for the full amount with interest and costs.

A written lease was entered into by the parties whereby the appellee leased the premises to the appellant for one year commencing on the 1st day of May, 1934, "at a rental of Two Hundred ($200.00) dollars per month payable on the first day of each and every month during the term of this lease, in advance." The appellant continued in possession of the premises after the term until September 1st, 1935, when it vacated the premises. This action was to recover rent for the months of September, October, November, and December, 1935.

At the trial evidence was introduced by the appellant tending to show that prior to the expiration of the term created by the written lease there were conversations between the parties relating to the conditions to govern after the expiration of the one year tenancy, created by the written lease. This evidence was contradicted by other witnesses who testified that no such conversations took place prior to the expiration of the one year. According to the evidence most favorable to the appellee nothing was said until the latter part of July, 1935, when the agents of the appellees told appellant that they thought "They were on another year on their lease." This was in response to a request for a reduction in the amount of the rent. There is no evidence that the appellees told the appellant that if it continued to hold over such holding would be regarded by them as a tenancy for another year. The only conversation that could be construed as notice to appellant took place almost three months after the expiration of the written lease, and the claim then was that appellant had already bound itself by holding over.

We are required as a reviewing court to indulge every reasonable presumption in favor of the validity and regularity of the judgment under review, and if there is substantial evidence in the record from which reasonable minds might reasonably draw different conclusions, the judgment must not be disturbed. **Hamden Lodge v Ohio Fuel Gas Co., 127 Oh St, 469.**

There is evidence from which the conclusion could be drawn that the appellant without communicating with the appellees in any way continued to hold possession of the leased premises and paid rent in the same way after the expiration of the year as it had during the year.

The construction of the evidence most favorable to the appellees is, that nothing was said by either the appellant or the appellees on the subject until July 28th, 1935. This is the date indicated by some of the witnesses, and by the appellant's letter of August 3rd, 1935. Up to that time there was not the slightest suggestion of any change in their relations under the construction most favorable to the appellees. When the appellant paid the rent for May, June, or July there was nothing in the act or any words accompanying them that differentiated them from payments made prior to the expiration of the year stipulated in the written lease. Under such circumstances can a reviewing court say as a matter of law that the trial court was wrong in finding that the tenancy was from year to year? Unless we can, the judgment should be affirmed.

In determining the rights of parties relating to real estate as in all other relations their mutual intentions no matter how manifested control in the absence of some statutory provision requiring its expression in some particular form. Taking or continuing in possession and payment of rent manifests an intention to create a tenancy, no other form of expressing such intent being required by any statute. **Eumiller v Walker, 95 Oh St, 344.** The intention to create the tenancy under such circumstances is clear. The intention as to its duration is not so clear.

The case at bar does not involve a dispute based on conflicting evidence as to the mutual intention of the parties as to the amount of rent payable periodically during occupancy or their rights under the law when they disagree on that subject as was the case in **Lane v Greene, 21 Oh Ap, 62, (4 Abs 699).**

The case at bar involves solely the question of the duration of the tenancy. If it was a tenancy from year to year then the amount of rent claimed is due notwithstanding the vacation of the premises by the appellant. While the defense of surrender was suggested, we find nothing in the record justifying a reversal of the judgment on that ground.

In **Lithographing Co. v Watt, 96 Oh St, 75,** the court held as stated in the sixth paragraph of the syllabus that:

"Possession taken and rents paid under a defectively executed lease creates a tenancy from year to year, or month to month,

dependent upon the terms as to payment of rentals, and the lessor, by instituting an action for accrued rentals or for the purpose of ejecting the lessee for nonpayment of rentals, is not thereby estopped to question the validity of such lease."

The case of **Madison Bldg. Association v Eckert, 49 Oh Ap, 210, 196 NE 789,** decided by this court is almost identical in its facts with the case at bar. There had been a prior valid lease and a holding over without any express agreement. During the holding over it is true, there was an agreement reducing the monthly payments of rent, but we do not regard this as a substantial fact in the decision of this question. After reviewing the facts, this court said:

"We can ' see no essential difference in principle between a tenancy continuing after the expiration of the term of a lease, or a renewal period provided for therein, and a tenancy under a void lease. In neither case is there existent a contract except by interpretation. It has been held that the tenancy under a void lease is from year to year, or month to month, according to the provision in the lease for the payment of rent. If the rent is for a. stated amount per year, though payable monthly, the tenancy is from year to year. If the lease provides for monthly payments of rent only, then the tenancy is from month to month. **Wineburgh v Toledo Corp., 125 Oh St, 219, 181 NE 20, 82 A.L.R. 1315.** In that case the court says in the opinion, 125 Oh St, 219, at page 222, 181 NE 20, 21: 'Since that decision (**Richardson v Bates, 8 Oh St 257**) was made, this court has held that an entry by a lessee under a lease, defectively executed, for a term of years, at an annual rental, creates a tenancy only from year to year; if at a monthly rental, the tenancy created is from month to month. **Baltimore & O. Rd. v West, 57 Oh St, 161, 49 NE 344; Lithograph Bldg. Co. v Watt, 96 Oh St, 74, 117 NE 25; Toussaint Shooting Club v Schwartz, 84 Oh ' St, 440, 95 NE 1158'."**

It is urged that the provision in the lease that $200.00 per month should be paid on the first day of each and every month "during the term of this lease" was the legal equivalent of the reservation of an annual rent. We cannot draw this conclusion. After the expiration of the year the only items of evidence in any way showing intention is the continued occupancy and the payment of rent for the term of one month. That was the rental period or term specified in the prior lease. It does not show an intention on the lessee's part to bind itself for a longer period. The intention of one of the parties is not sufficient to bind both.

The doctrine whereby a tenant holding over becomes bound at the option of the lessor for an additional term is not grounded in the ancient land law of England. It has been developed by the courts of this country. Massachusetts, following the English tradition, has refused to hold the tenant for another period merely because he wrongfully retains possession during a part of that period.

In Tiffany on Landlord and Tenant, Vol. 2, page 1471, it is said:

"It is somewhat surprising that the courts of this country, which have ordinarily shown a desire to mould the law in favor of the tenant rather than the landlord, should have originated and generally adopted a rule, the tendency of which is, in many cases, to operate with considerable severity upon a tenant who is disposed promptly to relinquish possession but is accidentally prevented from so doing."

To state the case most strongly for the plaintiffs, the record at most shows a failure on the part of the landlord and tenant to agree upon the duration of the term to be created by the tenant holding over after the expiration of the existing lease. There are expressions in the Ohio cases indicating that the landlord at his option has a right to treat the tenant who holds over either as a trespasser or as a tenant for an additional term at the same rent reserved in the original lease, in the absence of notice by the lessor in advance of an additional rent. However, the only case that the court has found in which is discussed this exact question of the right of the landlord to impose terms upon a tenant holding over against the will of the tenant, is that of Lane v Greene, supra. Discussing the rule that the holding over bound the tenant to pay the rent dictated by the landlord notwithstanding his dissent, the court at page 67 said:

"The rule is not only an unjust one, it is also illogical. Rent is the result of contract. It always proceeds either from contract or by reservation in a conveyance. 2 Tiffany on Landlord & Tenant, §211. Of course, the contract giving rise to it may be an implied one, but a contract cannot

**426**

be implied when one of the parties sought to be bound protests his dissent from the terms of the proposed agreement and expressly disclaims the meeting of the minds necessary to constitute a contract. It is, consequently, out of reason to say that an implied contract arises when one of the parties is at the time expressly dissenting from its terms.

"The better rule would seem to be that if the tenant holds over after the landlord has fixed an increased rent and the tenant is silent as to the new terms, an implied contract arises that the tenant will pay the increased rental, but, if the tenant at the time dissents from the new terms, and thus indicates a situation from which no implication of a contract arises, the tenant can only be held (1) for the reasonable value of the use and occupation of the premises, or (2) for damages for the trespass, with, under appropriate circumstances, exemplary damages for his wilful holding over."

It was claimed that Moore v Harter, 67 Oh St, 250, had announced the rule that the landlord had the absolute right to dictate the terms and that the tenant was absolutely bound. In discussing that case, the court at page 69 said:

"It must be conceded that the language of Judge Davis on page 254 of the opinion justifies that view, although an examination of the authorities cited by the learned judge shows but one of them supporting the view thus apparently expressed by him. 2 Tiffany on Landlord and Tenant, §210, says that this view is mere dictum, and points out that such a rule is not only illogical in imputing to the tenant an intention which he has expressly disclaimed, but that it enables 'the landlord to fix a penalty of any amount for the wrongful holding over by the tenant.'

"The text writer is right. The opinion in so far as it purports to lay down a rule where the tenant has dissented from the terms of the new rental sought to be imposed upon him, was outside the record of that case."

· A case that seems in accord with Lane v Greene, supra, is Abrams v Sherwin, 269 Pa. 31.

If it is beyond the power of the landlord to impose his will upon the tenant in invitum as to the amount of rent, it would seem logical to hold that it was equally beyond the power of the landlord to impose any other terms, such as duration of

the lease upon the lessee against his will. And if the law will not assist the landlord to impose his expressed will upon the tenant in invitum the law will not impose a similar legal obligation in the absence of any expression or notice by the landlord to the tenant.

For these reasons, the judgment is reversed. and judgment entered for the appellant.

ROSS, PJ, and HAMILTON, J, concur.