## SMITH v GULF REFINING CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15929. Decided June 1, 1937

Howell, Roberts & Duncan, Cleveland, for plaintiff-appellee.

Carl A. Mintz, for defendant-appellant.

## OPINION

By LEVINE, PJ

The Gulf Refining Company, lessee, entered into the original lease about December 1, 1931. The lease contained an option giving the refining company privilege of renewing the lease for a period of one year beyond its termination. This option was exercised and the refining company became bound thereby as lessee for a period of one year beginning December 1, 1932, and ending November 30, 1933.

On November 20, 1933, representatives of the parties to this action negotiated as to a future lease. The plaintiff-appellee, was asked for a letter granting the defendant-appellant a month to month tenancy. Without going into the details we find no such letter was even given; that the representatives of the refining company were informed by plaintiff that she would take up the question with her attorney. The refining company remained in possession of the premises.

The obligation of defendant to pay rent for the five-month period from December 1, 1933 to May 1, 1934, is not in dispute and the trial court rendered judgment in that amount. It is the contention of plaintiff that the defendant became liable for rent from the period beginning December 1, 1933 and ending December 1, 1934, and therefore it was bound to pay the additional sum of $1050.00 representing rent from May 1, 1934 to December 1, 1934.

We are quite in accord with the statement of counsel for defendant that the theory of holding over is never permitted to operate against the clear intention of the parties to the contrary. We do not find from the record any such agreement to the contrary. The most that we find is that there was a request to that effect by a representative of the refining company, but such request was never acted upon.

When the refining company held over as it did, beyond the life of the lease, it became bound to the terms of the old lease. If the situation were reversed so that the refining company insisted on remaining an entire year, dated from December 1, 1933, but plaintiff refused to acquiesce in such demand, we would hold that the position of plaintiff was untenable, after allowing defendant to hold over beyond the terms of the lease.

The parties became bound by the terms of the original lease to such extent as if a new lease were executed embracing the same terms and covering one year from Dec. 1, 1933.

The judgment is affirmed. Exceptions may be noted.

TERRELL, J. concurs.
LIEGHLEY, J, dissents.

## DISSENTING OPINION

By LIEGHLEY, PJ.

On or about the 1st day of December, 1931, plaintiff and defendant entered into a certain lease covering certain parcel of land for use as a gasoline and oil station for a period of one year beginning on the 1st day of December, 1931, and ending on the 30th day of November, 1932, with an option to the lessee for renewal from year to year for the full term of three years, by giving written notice of its election to extend the term at least thirty days before the expiration of each yearly term. The stipulated rental was $1500.00 per year, payable in monthly installments in advance of $150.00 per month. The defendant gave proper notice of renewal near the expiration of the first year.

Defendant did not give notice of renewal prior to the expiration date of the second year, to-wit, Nov. 30, 1933. On the contrary, defendant notified plaintiff prior to said date, during the month of November, that it did not intend to renew the lease upon a yearly basis. It did notify plaintiff at the same time of its desire to continue for an indefinite period on a month to month basis, and sought a letter from plaintiff prior to November 30, 1933 consenting and granting to it the right to occupy the premises upon such terms. The record clearly establishes this proposition of the defendant to plaintiff. The plaintiff desired time for consideration and conference with her counsel. Either through neglect or design such letter was never written or delivered prior to the expiration of the second yearly tenancy. There is some substantial evidence to justify the claim of defendant that plaintiff designedly postponed a reply and prolonged the negotiations of connivance to the end that such time would elapse that a claim of hold-over might be made.

In early December, defendant mailed its check for $150.00 accompanied by a letter asserting its month to month tenancy and payment tendered conditioned upon such understanding. This procedure was fol-

lowed for the four succeeding months. In March, 1934, the defendant notified plaintiff of its intention to vacate said premises and on said date did so. These checks were regularly and promptly returned by counsel for plaintiff to whom they were sent by plaintiff and acceptance upon the conditions attached refused.

Thereafter, suit was brought in Municipal Court for the full sum of the annual rental plus interest, for which judgment was rendered. Notice of appeal was filed to this court to review said judgment.

The controlling facts seem to be more positively fixed in this record than they were in the record at the time this case was here in this court for review before. It is now definitely established that defendant notified plaintiff in November, 1933, on more than one occasion that it would not renew this lease.

It is definitely established that defendant sought to negotiate with plaintiff a month to month tenancy in order that it might continue its established business while it carried on and concluded a certain survey of its properties with a view to relocating and revising its distributive system. It is definitely established that plaintiff either negligently or designedly postponed the conclusion of these negotiations and did not expressly refuse the proposal of the defendant until after the expiration date of the yearly tenancy when plaintiff made a claim of hold-over tenancy. Defendant cannot be criticized if, under these circumstances, it entertained the impression on December 1st, that plaintiff was acquiescing in its request. After receiving notice that defendant did not intend to renew, plaintiff did not exercise her legal right to give notice to vacate but seemingly acquiesced in its right to remain upon the terms requested.

It may be said that upon receipt of the check by plaintiff in the early part of December, and its return by her to defendant, that defendant then well knew that consent to a month to month tenancy had not been granted. However, the rights of these parties must be determined by the facts and circumstances as they existed on Dec. 1, 1933.

Plaintiff received and returned four checks thereafter well knowing that defendant was claiming and asserting a month to month tenancy by reason of the negotiations and conduct of the parties, at or about the expiration date and at no time demanded a vacation of the premises.

The obligation to pay rent is grounded upon contract, express or implied. This action is not based upon express contract. An implied contract on the theory of hold-over is relied upon. An implied contract exists by implication of law arising from the conduct of the parties and their apparent acquiescence therein and thereto. There can be no implied contract in a case in which one party has expressly notified the other party that a yearly tenancy is not renewed. To claim that an implied contract arose in this case as a basis for an action for rental is inconsistent, untenable and rebutted by the timely express notice of the defendant. The mere fact, if it be a fact, that defendant was cajoled into the belief by the acts and conduct of the plaintiff that she was acceding and agreeing to a month to month tenancy coupled with the positive notice that there would be no renewal, certainly can not serve and operate to create an agreement by implication to pay rent for a year upon a theory of hold over. If the facts and circumstances were reversed, could the defendant prevail in claiming that it had a legal right to occupy the premises for a full yearly tenancy?

The mere act of holding over by the lessee to which the lessor acquiesces creates another term. Thereupon the lessee is liable for the rental for the term and the lessor can not repossess during the term. Here the hold over occurred while negotiations for a new contract were pending after notice to plaintiff that defendant would not renew given after the time for a proper thirty day notice but before the term expired. These facts rebut an implied contract of renewal. A voluntary holdover implied an intention to renew and acquiesced in by the lessor imports a contract. This does not follow when such intention is expressly and timely denied and the holdover seemingly induced.

The defendant admits liability for five months rent for the period that the premises were occupied by it. If the defendant under the circumstances of this case was not a month to month tenant with the right to vacate when it did, then defendant is liable only for the use and occupation the value of which has been fixed by its several tenders of rent.

It is my opinion that the foregoing conclusions reached upon the facts of this case are fully justified by the syllabus and opinion of the case of **Bumiller v Walker, 95 Oh St 344.**