## WILLIAMS, Plaintiff-Appellee, v. MARTIN, Defendant-Appellant.

Ohio Appeals, First District, Hamilton County.

No. 6987.    Decided May 24, 1948.

Ginocchio & Ginocchio, Cincinnati, for plaintiff-appellee.

## OPINION

By THE COURT:

The plaintiff having acquired title to the premises occupied by the defendant served him with the legal notice to vacate before instituting this action in forcible entry and detainer, and for rent.

No answer was filed by the defendant, and, so far as the record shows, he never asserted that he had a lease other than one from month to month.

At the trial, the only issue that developed was as to the payment of rent for the month of December, 1947. As the notice to leave did not require the defendant to quit the premises till January 3rd, 1948, the payment or non-payment of the rent for the month of December, 1947 was immaterial upon the issue of the right to possession. Payment of rent for December would give the defendant no right of occupancy in January under a lease from month to month. It would only be material upon the right to a judgment for the unpaid rent, if any.

The record seems to indicate that the defendant may have been in some doubt as to whom to pay the rent. In 32 Am. Jur., 378, it is said:— "After notice to the tenant that the premises have been conveyed by the lessor, the tenant must pay accruing rent to the grantee."

Rent that had accrued and remained unpaid at the time of sale is due and payable to the grantor, in the absence of an agreement between the grantor and grantee that it shall be payable in whole or in part to the latter. 32 Am. Jur., 360. In the case at bar there is evidence that an agreement existed whereby the grantee was entitled to the rent for December, subject to a duty to apportion it with the grantor.

If the defendant was in doubt as to whom to pay the rent, the law provided him with a remedy. He could have paid the money into court and interpleaded the parties who were making claims against him for the same debt. 23 Am. Jur., 126.

Whatever doubt the defendant had as to whom to pay the December rent, it was no defense to the forcible entry and detainer action.

There is no certificate that the bill of exceptions contains all the evidence. That fact alone prevents this court from reversing this judgment. There is also another reason and that is, that the bill of exceptions shows that the judgment appealed from was rendered by consent and agreement of the defendant. If any error was committed in entering the judgment he, therefore, induced it and cannot later complain.

We find no prejudicial error in the record and, therefore, affirm the judgment.

Counsel for appellee has asked us to assess a penalty against the appellant for prosecuting this appeal and we have given serious consideration to this request.

The defendant had a basis for his doubt as to whom to pay the December rent. It seems to this Court that the parties were about equally to blame for not resolving that doubt to the satisfaction of the defendant. It was that misunderstanding that seems to have dictated the conduct of the defendant throughout.

While this judgment appealed from was by consent, the defendant's consent was given by his attorney, and the record does not show that he knew of it or consented personally.

In this Court, the defendant appeared in his own proper person and without benefit of counsel at the hearing.

Under all the circumstances, we have concluded that the ends of justice would not be subserved by assessing a penalty. We are of the opinion that the appeal was taken in good faith, and with some hesitation we find that there was reasonable ground for prosecuting the appeal in so far as it related to a money judgment for rent.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur.