MINTZ et al., Appellees,

v.

TANNOUS, Appellant.

[Cite as *Mintz v. Tannous* (1991), 74 Ohio App.3d 636.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61036.

Decided June 24, 1991.

*Richard D. Eisenberg,* for appellees.

*Michele M. Lazzaro,* for appellant.

*Per Curiam.*

This appeal was filed, briefed and argued as an accelerated appeal pursuant to Loc.App.R. 25. The appellant timely appeals the decision of the trial court granting summary judgment in favor of the appellees and requests that this court review two assignments of error.

In compliance with App.R. 11.1, it is the opinion of the court that the evidence presented does not raise a genuine issue of any material fact; that in construing the evidence most favorably to the appellant, reasonable minds could only conclude that the appellant had presented no case for recovery; and that as a matter of law, the appellees were entitled to judgment. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

For the reasons that follow, we affirm.

The following facts are undisputed in the instant cause:

The appellees were shareholders of 1934 Lee Road, Inc. and owners of the property at 1934 Lee Road until it was sold at a sheriff's sale for delinquent taxes. The appellant purchased the property at a sheriff's sale for $200,000. The sheriff's sale deed did not convey all of the property purchased by the appellant. Therefore, the trial court filed an agreed judgment entry properly conveying the property.

Prior to the sheriff's sale, the property at 1934 Lee Road was leased to the United States Postal Service. One of the lease provisions required a rent readjustment for the difference between the yearly rent base and the amount of property taxes paid during each year. The adjustment was to take place after the taxes were paid each year. The taxes were not paid for the second half of 1982 through the 1987 tax year. It was not until the sheriff's sale that the taxes were paid by the proceeds of the sale.

Appellant applied to the United States Postal Service and received $16,-237.47 in readjustment. Appellees filed a complaint requesting $13,215.37 of the proceeds from appellant, which represents the rental adjustment amount

for the time they still owned the property. Summary judgment was granted to the appellees and appellant assigned the following errors:

"1. The trial court erred in granting plaintiffs-appellees' motion for summary judgment.

"2. The trial court erred in denying defendant-appellant's motion for summary judgment."

The appellant's assignments of error are properly consolidated into the single issue of who is entitled to the adjusted rent. The general rule of law is that rent, which has accrued and remained unpaid at the time of a sale, is due and payable to the grantor, in the absence of an agreement between the grantor and the grantee that it shall be payable in whole or in part to the latter. *Williams v. Martin* (1948), 83 Ohio App. 130, 38 O.O. 212, 82 N.E.2d 547. See, also, 65 Ohio Jurisprudence (1986) 358, Landlord and Tenant, Section 303.

In the instant case, there was no agreement to transfer the unpaid rent. The taxes were paid by the appellees, because they were paid out of the proceeds of the sale of their property. Appellant bought the property without assuming appellees' tax liability. The rent accrued with appellees' satisfaction of its tax liability. Therefore, the appellees are entitled to the rent adjustment for the time they owned the property.

*Judgment affirmed.*

FRANCIS E. SWEENEY, P.J., BLACKMON and HARPER, JJ., concur.