[Cite as *17 Mile, L.L.C. v. Kruzel*, 2013-Ohio-3005.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99358

---

## 17 MILE, L.L.C.

### PLAINTIFF-APPELLANT

vs.

## RICHARD KRUZEL, ET AL.

### DEFENDANTS-APPELLEES

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Parma Municipal Court
Case No. 12 CVF 00850

**BEFORE:** Celebrezze, P.J., E.A. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** July 11, 2013

**ATTORNEYS FOR APPELLANT**

Michael Schmeltzer
Andrew R. Duff
Amer Cunningham Co., L.P.A.
159 S. Main Street
Suite 1100
Akron, Ohio   44308


**ATTORNEYS FOR APPELLEES**

James R. Russell, Jr.
Mark Riemer
Goldman & Rosen, Ltd.
11 South Forge Street
Akron, Ohio   44304

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, 17 Mile, L.L.C. ("17 Mile"), brings the instant appeal challenging the grant of summary judgment in favor of appellees, Richard and Mary Kruzel (the "Kruzels"), on 17 Mile's declaratory judgment actions, breach of contract, and conversion claims. 17 Mile argues that it is entitled to back rent owed by a tenant of a communications tower, which accrued prior to the sale of the tower to 17 Mile by the Kruzels. After a thorough review of the record and law, we affirm.

## I. Factual and Procedural History

{¶2} The Kruzels owned a communications tower in Broadview Heights, Ohio. They leased space to cellular communications companies including Verizon, AT&T, and T-Mobile. During the time the Kruzels owned the tower, their lease rate with AT&T increased on June 1, 2007. However, AT&T continued to pay the prior amount of rent. The error went unnoticed by both parties for a number of years. By October 2010, AT&T owed the Kruzels $8,200 in back rent.

{¶3} On November 3, 2010, the Kruzels executed an assignment of the lease agreement to 17 Mile in conjunction with the sale of the tower, which occurred on the same day. It is disputed by the parties whether the Kruzels and 17 Mile were aware of the past due rent at the time the sale occurred. On November 18, 2010, AT&T deposited in the Kruzels' bank account $8,200 for back rent. 17 Mile demanded that the Kruzels turn over that money to 17 Mile because they had assigned their rights and interests in the lease agreement to 17 Mile. The Kruzels declined, and so, on September 7, 2011, 17

Mile filed a complaint in Parma Municipal Court. This complaint was voluntarily dismissed on November 14, 2011.

{¶4} Then, on March 2, 2012, 17 Mile refiled its complaint asserting claims for breach of contract, conversion, and "action for money had and received." The complaint also sought declaratory judgment. After a challenge to the municipal court's subject matter jurisdiction was rejected, the Kruzels filed an answer, followed by a motion for summary judgment. 17 Mile filed its own motion for summary judgment and a brief in opposition to the Kruzels' motion. On November 16, 2012, the trial court granted the Kruzels' motion, finding the assignment did not include a definite relinquishment of their right to back rent. 17 Mile then appealed to this court, assigning two errors:

> I. The trial court erred in granting Defendants-Appellees' Motion for Summary Judgment because it considered issues outside the scope of the motion.

> II. The trial court erred in granting Defendants-Appellees' Motion for Summary Judgment and overruling Plaintiff-Appellant's Motion for Partial Summary Judgment because the assignment of "all right, title, and interest" in the subject lease includes the right to back rent.

## II. Law and Analysis

{¶5} For clarity, the assigned errors will be addressed out of order.

### A. Summary Judgment

#### i. Standard of Review

> Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶6} We review summary judgment de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.

### ii.   Right to Accrued Rents

{¶7} 17 Mile argues the trial court erred when it interpreted the assignment agreement and the Kruzels' transfer of all "right, title and interest in and to the AT&T Lease and T-Mobile Lease" to not include the right to past-due rents owed by AT&T that accrued prior to the assignment. Arguing a plain reading of paragraph two of the assignment agreement, 17 Mile claims the Kruzels transferred all of their rights in the leases, including the right to past-due rent.

{¶8} "The general rule of law is that rent, which has accrued and remained unpaid at the time of a sale, is due and payable to the [seller], in the absence of an agreement between the [seller] and the [purchaser] that it shall be payable in whole or in part to the latter." *Mintz v. Tannous*, 74 Ohio App.3d 636, 638, 600 N.E.2d 269 (8th Dist.1991), citing *Williams v. Martin*, 83 Ohio App. 130, 82 N.E.2d 547 (1st Dist.1948); 65 Ohio Jurisprudence, Landlord and Tenant, Section 303, at 358 (1986). *See also* 11-96 Thomas Editions, *Thompson on Real Property*, Section 96.07 (2d Ed.2004) ("Prior to conveyance, the rents as a general rule belong to the vendor").

{¶9} 17 Mile claims that the assignment agreement evidences its right to collect back rents, while the Kruzels argue that it does not evidence a clear intention on their part to relinquish this right.

{¶10} The assignment of leases and assumption provision in paragraph two provides,

> [the Kruzels] hereby grants, conveys, sells, assigns, transfers and delivers to [17 Mile] all of its right, title and interest in and to the AT&T Lease and T-Mobile Lease. [17 Mile] hereby accepts the assignment of the AT&T Lease and T-Mobile Lease and hereby assumes, and otherwise agrees to pay, satisfy and discharge all liabilities of [the Kruzels] under the AT&T Lease and T-Mobile Lease before and after the Closing Date as though [17 Mile] was the original landlord of the AT&T lease and T-Mobile Lease and [17 Mile] agrees to keep and perform all covenants, terms, and agreements of the AT&T Lease and T-Mobile Lease to have been performed by [the Kruzels] ("Assumed Liabilities"). The assumption of the Assumed Liabilities with respect to the AT&T Lease and T-Mobile Lease as set forth above shall be deemed and construed to relieve [the Kruzels] of any retained liability or of any liability arising from any event, condition, occurrence or other matter which is the subject of a default by [the Kruzels] prior to the Closing Date, irrespective of whether such liability arises or matures on, before or after the Closing Date and is therefore assumed by [17 Mile]. [17 Mile] agrees to indemnify [the Kruzels] and shall defend and hold them harmless from and against any and all loss, damage, liability and expense [the Kruzels] may suffer, sustain, or incur in respect to this Assignment and Assumption Agreement or the AT&T Lease and T-Mobile Lease, for matters arising before or after the closing date. This Section 2 applies solely between the [the Kruzels] and [17 Mile] and their heirs, administrators, executives, successors, employees, agents, officers, directors, entities, partnerships and related entities but will not be binding upon subsequent assignees.

{¶11} The trial court found the assignment of rights above insufficient to constitute a clear relinquishment of the Kruzels' right to collect rents that accrued prior to the sale of the communications tower. Its decision rested on the finding that the assignment did not address rents already accrued, citing *Mentz*. The trial court's finding flows from the common law rule that

> [t]he right to recover rents depends upon the ownership of the reversion at the time the rents accrued. A subsequent transfer of the reversion does not carry to the assignee any claim to such rents as became due while the reversion was held by the grantor. To acquire a right to such prior rentals

the transferee of the reversion must show *a definite grant to him*, over and beyond the mere conveyance of the reversion.

(Citations omitted and emphasis added.) *Wessel v. Newhof Stores, Inc.*, 26 Ohio L.Abs. 621, 1938 Ohio Misc. LEXIS 1189 (C.P. 1938).

{¶12} Therefore, the question before us is whether the language of the Kruzels' grant of "all of its right, title and interest in and to the AT&T Lease and T-Mobile Lease" includes the right to collect rent that accrued prior to the sale and assignment. We hold that the grant is insufficient to overcome the common law presumption that back rent belongs to the holder of the reversionary interest at the time the rents accrued.

{¶13} The federal circuit court of appeals faced a similar situation involving the U.S. government as lessee. *Ginsberg v. Austin*, 968 F.2d 1198, 1201 (Fed.Cir.1992). That court recognized that

> [a]s a matter of property law, the state courts uniformly have held that rents when due and owing become personal property, "constituting mere choses in action which are not a part of the land and do not pass as incident to a transfer of the reversion." *Acherman v. Robertson*, 3 N.W.2d 723, 730 (Wis. 1942). See also *Ennis v. Ring*, 300 P.2d 773, 776 (Wash. 1956); Restatement (Second) of Property: Landlord & Tenant § 16.2(1) (1977). Thus, the "transfer of * * * real estate subject to the lease does not carry with it any right to accrued rents then unpaid. These belong to the person who was the landlord at the time of their accrual and not to the grantee, unless assigned to him." *Velishka v. Laurendeau*, 118 A.2d 600, 602 (N.H. 1955) (citation omitted). See also, e.g., *Williams v. Martin*, 82 N.E.2d 547, 547-48 (Ohio Ct. App. 1948); *Gray v. Callahan*, 197 So. 396, 398-99 (Fla. 1940); *Rives v. James*, 3 S.W.2d 932, 934 (Tex. Civ. App. 1928); 1 Herbert T. Tiffany, The Law of Real Property § 116, at 182 (3d ed. 1939).

> The law of contracts is consistent with that of property on the subject of assignments. In construing the contract of a trust certificate assignment, California has held "unless an assignment specifically or impliedly designates them, accrued causes of action arising out of an assigned contract * * * do not pass under the assignment as incidental to the contract if they can be asserted by the assignor independently of his continued

ownership of the contract and are not essential to a continued enforcement of the contract." *National Reserve Co. of Am. v. Metropolitan Trust Co. of Cal.*, 112 P.2d 598, 602 (Cal. 1941).

*Id.* at 1201.

{¶14} Where an assignment of rights to a lease did not clearly include the right to past rents, the Sixth Circuit has also indicated that the assignee is not entitled to collect those rents because "it is well settled that in the absence of an express intention to do so, an assignment of a reversionary interest in a lease will not cover rent already accrued." *Shell Petroleum Corp. v. Jackson*, 77 F.2d 340, 342 (6th Cir.1935).

{¶15} In *Jackson*, the assignment of leases included "'all our right, title and interest to the within lease * * *.'" *Id*. at 341. The court found this language insufficient for the assignee to sue to collect rent that accrued before the assignment of the leases. *Id*. at 341-342.

{¶16} In the present case, the assumption of liabilities contained in the same paragraph as the assignment evidences an obvious inclusion of liabilities that accrue before and after the transfer and assignment. This language makes it clear that 17 Mile assumes all liabilities under the leases as if it were the original lessor. The assumption provides,

> [17 Mile] hereby accepts the assignment of the AT&T Lease and T-Mobile Lease and hereby assumes, and otherwise agrees to pay, satisfy and discharge all liabilities of [the Kruzels] under the AT&T Lease and T-Mobile Lease before and after the Closing Date as through [17 Mile] was the original landlord of the AT&T lease and T-Mobile Lease * * *.

This same language was not applied to the assignment of rights.

{¶17} In order to effectively transfer the right to back rent, the assignment must be a definitive relinquishment. *Jackson* at 341-342; *Ginsberg* at 1201. The parties may contract to change the common law presumption, but the assignment here does not evidence a clear intention to do so. Courts must look to the four corners of the contract in order to determine the intent of the parties where language is unambiguous. *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 132, 509 N.E.2d 411 (1987). But here, the juxtaposition of the language in the same paragraph between the assignment and the assumption indicates no clear intention to relinquish the right to back rent.

### iii.   Judgment Granted Beyond the Scope of the Motion

{¶18} 17 Mile claims the trial court erred when it granted summary judgment on all of its claims in favor of the Kruzels because the Kruzels failed to move for judgment on 17 Mile's equitable claims.

{¶19} Citing *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), 17 Mile claims it was denied the opportunity to argue against summary judgment on its equitable claims because the Kruzels did not make arguments specifically addressing these claims. However, 17 Mile's claimed "action for money had and received" rests on the premise that the Kruzels owed it the money AT&T paid for past due rent. 17 Mile's claimed right to this money flows only from the assignment of the lease agreement. Therefore, resolution of the disputed interpretation of the assignment agreement necessarily disposes of this claim as well. In *Mitseff*, the Ohio Supreme Court set forth the moving party's responsibilities: "the party seeking summary judgment '* * * bears the burden of affirmatively demonstrating that, with respect to every essential issue of each

count in the complaint, there is no genuine issue of fact.'" *Id.* at 115, quoting *Massaro v. Vernitron Corp.*, 559 F.Supp. 1068, 1073 (D.Mass.1983).

{¶20} However, 17 Mile's equitable claims are intertwined with their breach of contract claim and action for declaratory judgment. All depend on its interpretation of the assignment agreement that the Kruzels gave to 17 Mile the right to collect rents that accrued prior to the assignment. Either the assignment gives 17 Mile a right to collect past due rents or it does not. Without that right, no viable equitable claims exist. The Kruzels' arguments about the interpretation of the assignment go equally to 17 Mile's equitable claims.

{¶21} In their motion for summary judgment, the Kruzels argued this point. They asserted that "17 Mile cannot succeed on its claims for breach of contract, declaratory judgment, and money due as a matter of law." The last claim, "money due," references 17 Mile's equitable claim for "money had and received," and the arguments made in that section of the Kruzels' motion for summary judgment — about the interpretation of the assignment language being insufficient to evidence a relinquishment of the right to collect past due rent — address each claim raised by 17 Mile. The Kruzels also addressed 17 Mile's non-contractual claims in their motion for summary judgment when seeking judgment on 17 Mile's conversion claims.

{¶22} Therefore, the trial court did not err in granting summary judgment on 17 Mile's equitable claims when it granted summary judgment in favor of the Kruzels after interpreting the contract in favor of the Kruzels. All causes of action were effectively addressed and no issue of material fact was left to determine.

## III.   Conclusion

**{¶23}** The assignment agreement does not evidence a clear intention to relinquish the Kruzels' right to collect rents that accrued prior to the sale of the communications tower and assignment of the leases to 17 Mile.   Therefore, summary judgment in favor of the Kruzels is warranted.

**{¶24}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Parma Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR