## PEYSER v. AMERICAN SECURITY & TRUST CO.
### No. 7234.

United States Court of Appeals for the District of Columbia.

Decided July 17, 1939.

Rehearing Denied Nov. 10, 1939.

Irwin Geiger, of Washington, D. C., for appellant.

Frederic D. McKenney, John S. Flannery, and G. Bowdoin Craighill, all of Washington, D. C., for appellee.

Before STEPHENS, EDGERTON, and VINSON, Associate Justices.

STEPHENS, Associate Justice.

·This is an appeal from a decree of the District Court of the United States for the District of Columbia dismissing, on motion of the appellee, the petition of the appellant. As stated in the petition, the facts are as follows: The appellee is sole trustee under the will of John R. McLean, deceased. At the time of the events involved Edward McLean was a co-trustee with the appellee, but has since resigned. In January, 1931, Edward McLean, as co-trustee, employed the appellant as a broker to procure a purchaser for the Washington Post, which was a part of the trust estate, undertaking, if the terms of sale were satisfactory to the trustees, to pay him a commission of a specified percentage of the price. The appellee, as co-trustee, approved and ratified this agreement. The appellant procured an offer of purchase providing that, when signed by the trustees, it should become binding subject to the approval of the court, and providing also that the trustees should take the necessary steps to procure such approval if possible. The trustees accordingly filed in the District Court in a proceeding in which the court was already, in exercise of its equitable jurisdiction, supervising the trust, a petition asking approval of the sale. But approval of the court was not obtained. The Post was later sold to another purchaser, and the trustees refused to pay the commission.

The appellant then sued each of the trustees, in their personal capacities, at law for breach of contract, but failed to recover. Peyser v. American Security &

Trust Co., 1934, 63 App.D.C. 299, 72 F.2d 92; McLean v. Peyser, 1935, 169 Md. 1, 179 A. 58. He then filed a second suit at law in the District Court against the appellee personally, again for breach of contract, but again failed.[1] The appellant then filed, in the proceeding in equity referred to above, the petition in the present suit, asking the court to determine the amount of compensation to which he was "justly and equitably entitled" and to order the appellee as trustee to pay such amount to him. The petition was dismissed upon four grounds; that the proper remedy was by an action at law against the appellee in its personal, rather than its fiduciary, capacity; that the appellant's right to recover was determined in the prior actions described; that no benefit to the estate was shown by the allegations of the petition; that the appellant was guilty of laches.

It is necessary to discuss only the first ground of dismissal. By the overwhelming weight of authority the contract of a trustee binds him personally if binding as a contract at all. An obligation entered into by a trustee must, therefore, be enforced by a suit at law against him personally. Save in exceptional situations not here involved, there is no direct remedy against the cestui que trust or the trust estate. See 1 Williston, Contracts (Rev.Ed.1936) § 312; Scott, Trusts (1939) §§ 267-271A. Illustrative of the rule is Taylor v. Davis, 1884, 110 U.S. 330, 4 S.Ct. 147, 28 L.Ed. 163. Therein the defendants, who were trustees, contracted that, in consideration of the transfer to them by the plaintiff's decedent, a prior trustee, of the trust property without requiring previous payment of debts due to him out of the property, they would apply funds coming into their hands as trustees to the discharge of his claims. The plaintiff sued the trustees at law in their personal capacities. The Court held this was the proper procedure for enforcing the obligation. In so ruling, the Court said:

"When an agent contracts in the name of his principal, the principal contracts and is bound, but the agent is not. When a trustee contracts as such, unless he is bound no one is bound, for he has no principal. The trust estate cannot promise; the contract is therefore the personal undertaking of the trustee. As a trustee holds the estate, although only with the power and for the purpose of managing it, he is personally bound by the contracts he makes as trustee, even when designating himself as such. The mere use by the promisor of the name of the trustee or any other name of office or employment will not discharge him. Of course when a trustee acts in good faith for the benefit of the trust, he is entitled to indemnify himself for his engagements out of the estate in his hands, and for this purpose a credit for his expenditures will be allowed in his accounts by the court having jurisdiction thereof." [110 U.S. at page 335, 4 S.Ct. at page 150, 28 L.Ed. 163]

Other cases exemplifying the rule are: Vass v. Conron Brothers Co., 2 Cir., 1932, 59 F.2d 969; Johnson v. Leman, 1890, 131 Ill. 609, 23 N.E. 435, 7 L.R.A. 656, 19 Am.St.Rep. 63. See also Restatement, Trusts (1935) §§ 267-271, and the collection and analysis of authorities in Williston, loc. cit. supra. There being no local decisions, we think we should adopt the majority rule, especially in view of the decision in the Supreme Court.

The appellant apparently contends that the adverse decisions in Peyser v. American Security & Trust Co. and McLean v. Peyser, supra, wherein the trustees were sued at law in their personal capacities, necessitate the conclusion that the present suit was properly in equity. But an examination of the cases referred to discloses that they were not decided against the appellant upon the theory that he had mistaken his remedy, but upon the ground that he had failed to prove a cause of action upon the express contract.

Affirmed.

---

[1] This decision is not reported.