**In re SEARLE (two cases).**

**Civ. A. Nos. 3212-52, 3213-52.**

United States District Court for the District of Columbia.

Nov. 12, 1953.

Alessandra Luini del Russo, Washington, D. C., for A. Benson Searle.

McGUIRE, District Judge.

The statute, Title 21, §§ 501–507 incl., D.C.Code, in re conservators is silent as to compensation.

The only language that could possibly be urged in relation to same is that in Section 503 which spells out the powers and duties of this functionary specifically, and then adds: " * * * and shall in all other respects perform the same duties and have the same rights and powers with respect to the property of such person as have guardians of the estates of infants." Section 504 provides, among other things, that "The court shall have the same powers with respect to the property of any person for whom a conservator has been appointed, as it has with respect to the property of infants under guardianships."

The statute with respect to the compensation of guardians, Title 21, § 126, D.C.Code, limits their compensation to a fixed percentage of amounts actually "collected if and when disbursed", and since this statute apparently was the paradigm and the pattern and guide out of which that dealing with conservators sprung, and since the duties of a conservator and a guardian are fundamentally and basically the same, I conclude that the compensation is thereby fixed accordingly.

However, I place temporary conservators in an entirely different category. The very use of the term and the emergent character of their office places them in an entirely different setting and more consistent with that of a guardian ad litem. Under such circumstances, to limit their compensation to the fixed amount prescribed by the statute with respect to guardians of infants would work more harm than good. In addition it would make it difficult at times for the Court, in circumstances where it would be absolutely necessary, to secure competent individuals to serve. For the reason that, after the performance of a service of a high, necessary and important character, they could not be compensated since, although they may have collected much or performed work equally important, they have disbursed nothing.

Such a conclusion offends not only reason and common sense but justice itself. In relation to the present matter, therefore, the temporary conservator for both cases is to be compensated in the amount of $275, or $137.50 in each, having in mind the character of services rendered, the size of the estate, and the compensation hitherto awarded the guardian ad litem and the attorney for the respondent as indicated by the order of August 26, 1952. Order accordingly.