**William E. SUMMERBELL and Dale Summerbell, Appellants,**

**v.**

**W. Barrett McDONNELL, individually and as Conservator of the Estate of Louise C. Heiberg, Appellee.**

No. 3352.

District of Columbia Court of Appeals.

Argued Dec. 2, 1963.

Decided Jan. 24, 1964.

Edmund L. Browning, Jr., Washington, D. C., for appellants.

W. Barrett McDonnell, pro se. John Dillon Fitzgerald, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This was a suit by appellants against Louise C. Heiberg and W. Barrett McDonnell, individually and as conservator of her estate. The trial court entered judgment against Mrs. Heiberg for $298.67, dismissed the complaint as to Mr. McDonnell, and found in his favor as conservator of Mrs. Heiberg's estate. Appellants assign as error the dismissal of the complaint and the finding in favor of Mr. McDonnell in his representative capacity. No appeal was taken from the judgment against Mrs. Heiberg for $298.67.

On October 30, 1959, a petition was filed in the United States District Court for the District of Columbia requesting the appointment of Mr. McDonnell as conservator of Mrs. Heiberg's estate.[1] Mr. McDonnell thereafter qualified and was appointed. At the time of the petition Mrs. Heiberg was in arrears for rent on several garages owned by appellants. Mr. McDonnell subsequently paid the arrearages, but was informed by appellants that the monthly rental for each garage would be raised as of January 1, 1960, from six to eight dollars. He agreed to the increase and made payments at the new rental through March 1960. From that time until January 10, 1961, when the garages were vacated, no additional payments were made. Appellants brought suit for the unpaid balance.

The trial judge, in his memorandum opinion, made the following findings:

"From the facts and evidence adduced at trial of this case, the Court finds that the plaintiffs have failed to show the existence of any agreement between the conservator and themselves or that it was intended by the parties that the conservator be bound in any way for any agreement concerning the lease between plaintiffs and Louise C. Heiberg."

Appellants contend that their agreement with Mr. McDonnell to increase the rent bound him in his individual and representative capacities.

Our Code Section 45–820 provides that "all verbal hirings by the month or at any specified rate per month, shall be deemed estates by sufferance." Mrs. Heiberg's tenancy fell within this statutory provision. Upon Mr. McDonnell's appointment, however, appellants rightfully assumed that he was responsible for Mrs. Heiberg's estate. Indeed, had they obtained Mrs. Heiberg's consent to the rent increase, rather than Mr. McDonnell's, their efforts would have been fruitless.[2]

The general rule is that where a tenant has notice from his landlord that if he retains possession he must pay a higher rent, specified as to amount, and the tenant remains in possession, he is deemed to have assented to the increase. The law implies from such holding over an agreement by the tenant to pay the higher rental.[3] Here there was no dispute that Mr. McDonnell, as Mrs. Heiberg's representative, agreed to the increase. The finding, therefore, that the evidence failed to show the existence of any agreement between appellants and Mr. McDonnell was incorrect. The only issue was whether Mr. McDonnell had consented to be bound in his individual capacity.

Code Section 21–503 analogizes the powers and duties of conservators to those of guardians of the estates of infants.[4] In this regard the fiduciary position of a guardian bears close resemblance to that of a trustee, the accepted rule being that the

---

1. Code 1961, § 21–501 et seq.

2. Code 1961, § 21–507 provides: " * * * If a conservator be appointed on such petition, all contracts, except for necessaries, and all transfers of real and personal property made by the ward after such filing * * * shall be void."

3. Harrison v. Berkowitz, 202 Misc. 799, 109 N.Y.S.2d 722 (1951); Annot., 109 A.L.R. 197 (1937).

4. Compare In re Searle, 118 F.Supp. 273 (D.D.C.1954).

"contract of a trustee binds him personally if binding as a contract at all." Peyser v. American Security & Trust Co., 70 App.D. C. 349, 107 F.2d 625 (1939). This rule, however, is based on the premise that in an action at law a judgment can be rendered only against the trustee personally.[5] Where the trustee can be sued in his representative capacity, the reason for the rule disappears. Significantly, Congress has provided that a conservator in the District of Columbia may "sue and be sued in his representative capacity."[6] In view of this provision a creditor can maintain a suit in equity to reach the ward's estate. The question in each case is whether, in the light of all the circumstances, the parties intended that the ward's estate alone should be reached.[7] Since the agreement in the case at bar was oral, evidence was admissible to show the understanding of the parties.

■ Here, testimony was introduced to show that the checks made payable to appellants were signed, "Estate of Louise C. Heiberg by W. Barrett McDonnell, Conservator."[8] Further, letters written by appellants to Mr. McDonnell both before and after the rent increase showed that appellants referred to the garages as the ones "Mrs. Heiberg rents." We hold, therefore, that the evidence was sufficient to support the trial finding that the parties did not intend to bind Mr. McDonnell in his individual capacity. The complaint as to him was properly dismissed. Nevertheless, judgment should have been entered against him in his representative capacity.

Reversed with instructions to enter judgment against appellee as conservator of the estate of Louise C. Heiberg

5. See the discussion in Scott, The Law of Trusts, § 263 (1956).

6. Code 1961, § 21–503.

7. Scott, The Law of Trusts, supra, note 5.

8. Compare Code Section 28–121, which provides: "Where the instrument contains or a person adds to his signature

words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized, but the mere addition of words describing him as an agent or as filling a representative character without disclosing his principal does not exempt him from personal liability."